United States District Court
Southern District of Texas
FILED

NOV 1 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN ZAMORA,                          )
            Plaintiff                 )
                                      )
v.                                    )       Case No.: **B -01- 19 3**
                                      )
DANKA OFFICE IMAGING, INC.            )
AND BRENT LONGCOR,                    )
INDIVIDUALLY AND AS AGENT OF          )
DANKA OFFICE IMAGING, INC.            )
            Defendants.               )

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1443, 1446 and 1447, Defendants Danka Office Imaging,

Inc. ("Danka") and Brent Longcor ("Longcor;" collectively as "Defendants") hereby give notice

of removal of the case styled as *Juan Zamora v. Danka Office Imaging, Inc. and Brent Longcor,*

*Individually and as Agent of Danka Office Imaging, Inc.*, Case No. 2001-09-4159-A, in the

District Court, in the 107th Judicial District, Cameron County, Texas, to this Court.  As

grounds, Defendants state:

1.      Danka and Longcor are defendants in a civil action brought against them in the

District Court for the 107th Judicial District, in Cameron County, Texas, entitled *Juan Zamora*

*v. Danka Office Imaging, Inc. and Brent Longcor.*  A copy of Plaintiff's Original Petition and

Summons in that action, which were served upon Danka on October 24, 2001 and Longcor on no

earlier than October 23, 2001 are attached as Exhibit "A."  A copy of the General Denial filed by

Defendants is attached as Exhibit "B."  Exhibits "A" and "B" constitute all process, pleadings

and orders served upon Defendants in such action.

2.      A copy of the Notice of Removal filed in the District Court is attached as Exhibit "C."

3.      Defendants removed this case on the basis of 28 U.S.C. §§ 1332 as there is complete diversity of the parties and the amount in controversy exceeds $ 75,000.00.

4.      Defendant Danka is incorporated in Delaware and has its principle place of business in St. Petersburg, Florida.  Thus, Delaware and Florida are the only two states of which Danka is considered a resident for purposes of diversity jurisdiction.

5.      Defendant Longcor is a resident of Texas, however, even as a resident of Texas, Longcor can participate in the removal of this case because none of the claims alleged in Zamora's Original Petition state a claim upon which relief can be granted against Longcor.  *Merriwether v. Braun*, 792 F. Supp. 659, 661 (E.D. Mo. 1992) (citing, *Anderson v. Home Ins. Co.*, 724 F.2d 82 (8th Cir. 1983)).

6.      Counts I, II and III of the Original Petition purport to claim violations of the Texas Commission on Human Relations Act ("TCHRA") against Longcor as an individual.  The case law is settled that there is no individual liability under the TCHRA.  *See, e.g., Benavides v. Moore*, 848 S.W. 2d 190, 198 (Tex. App. -- Corpus Christi 1993, writ denied).

7.      Likewise, Court IV of the Original Petition alleges intentional infliction of emotional distress.  However, the conduct alleged in ¶¶ 10 and the remainder of the Original Petition is insufficient as a matter of law to state a claim upon which relief can be granted.  The acts alleged are insufficient as a matter of law to show the requisite outrageous conduct.  *See, e.g., GTE Southwest, Inc. v. Bruce*, 998 S.W. 2d 605 (Tex. 1999); *Standard Fruit & Vegetable Co. v.*

*Johnson,* 985 S.W.2d 62, 65 (Tex. 1998); *Williams v. Voit,* ___ S.W. 3d ___, 2001 WL 767561

(Tex. App. -- Dallas, 2001).

8.      Accordingly, Langcor is improperly joined solely to defeat diversity, and the case

is removable.

9.      The amount in controversy exceeds $ 75,000.00 as is facially apparent from the

Original Petition's demand for monetary damages, including incidental and consequential

damages, and for exemplary damages. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.

1995).

10.     This Notice is being filed within 30 days after notice by the first defendant of the

Original Petition and is timely filed under 28 U.S.C. § 1446(b).

11.     Since Danka and Longcor are the only defendants served in this case, all

defendants consent to removal.

WHEREFORE, Defendants respectfully pray that the above action now pending against

it in the state district court be removed therefrom to this Court.

Respectfully submitted,

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal ID. No. 8642
4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197
ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing

document has been forwarded by certified mail, return receipt requested, to the following counsel

of record, on the __16__ day of November, 2001.

Ms. Ernesta Taylor
1607 Woods Street
Mission, Texas  78572

Raymond A. Cowley

146662.1

CAUSE NO. 2001-09-4154-A

FILED _9:40_ O'CLOCK _a_ M.
AURORA DE LA GARZA DIST. CLERK
SEP 2 1 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| JUAN ZAMORA, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | 107th JUDICIAL DISTRICT |
| DANKA OFFICE IMAGING, INC. | § | |
| AND BRENT LONGCOR, | § | |
| INDIVIDUALY AND AS AGENT OF | § | |
| DANKA OFFICE IMAGING, INC., | § | |
| | § | |
| DEFENDANTS. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Juan Zamora, Plaintiff, by and through his attorney, Earnesta Taylor, Esq. and hereby files this Plaintiff's Original Petition complaining of Danka Office Imaging, Inc. and Brent Longcor, individually and as agent of Danka Office Imaging, Inc., hereinafter called Defendants, and for this cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff alleges that discovery in this lawsuit is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2.    Plaintiff, Juan Zamora, is an individual residing at 716 S. 23rd St., Donna, Texas 78516.

3.    Defendant Danka Office Imaging, Inc. is a corporation duly qualified to do business in the State of Texas, with its principal place of business located at St. Petersburg, FL 33716. Defendant Danka Office Imaging, Inc. can be served with process by serving its resident agent, CT Corporations at 315 N. St. Paul St. Dallas, Texas 75201.



EXHIBIT
A

4.     Defendant Brent Longeor is an individual who currently resides in Houston, Texas but resided in Cameron County, Texas and was doing business in Cameron County, Texas at all times relevant to this cause of action.  Defendant Brent Longeor can be served with process at his place of employment, at Danka Office Imaging, Inc., 10130 West Gulf Bank Dr., Houston, Texas.

## JURISDICTION AND VENUE

5.     Defendant Danka Office Imaging, Inc. conducted business in Harlingen, Cameron County, Texas at all times relevant to this lawsuit and caused the incident(s) that is the subject of this lawsuit.   Therefore, jurisdiction and venue are proper in Cameron County, Texas.  As a proximate result of said incident(s), damages in excess of the minimum jurisdictional limits of this Court were incurred by Plaintiff.

6.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant, Danka Office Imaging, Inc. while operating business in the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

7.     Brent Longeor at all times relevant to the cause(s) of action herein stated lived and worked in Cameron County, Texas and is currently living and working in Houston, Texas.

8.     Venue is proper in Cameron County under §15.002 of the Texas Civil Practice and Remedies Code, because the incident(s) that form the basis of this cause of action occurred in Cameron County, Texas.

## FACTUAL BACKGROUND

9.     Plaintiff, Juan Zamora was an employee of Danka Office Imaging, Inc. During the time that Plaintiff worked for Danka, Plaintiff performed his job duties with dedication, loyalty and

Case 1:01-cv-00193   Document 1   Filed in TXSD on 11/16/2001   Page 7 of 39

hard work.

10. Beginning August 2001 Plaintiff was the subject of racially verbal and physical abuse by Brent Longcor, Plaintiff's immediate supervisor at Danka Office Imaging, Inc. in Harlingen, Texas. Defendant Longcor continuously referred to Plaintiff in a derogatory and racist manner calling Plaintiff such things as, "greedy Mexican", "salt-and-pepper hair" and "diarrhea of the mouth", "nacho" and "burrito head". Defendant Longcor impliedly referred to Plaintiff as being "a lazy Mexican" because, Longcor said, "you all Mexicans always have Siestas in the afternoon". Defendant Longcor made remarks depicting sexually explicit sex acts and would ask Plaintiff "if he liked it". At times Defendant Longcor would grab and touch Plaintiff's crotch and buttocks.

11. Plaintiff complained to Defendant Danka Office Imaging, Inc. (hereafter "Danka") in February 2001. Danka purportedly conducted an investigation and Plaintiff was misleadingly told on or about March 17, 2001, that Danka would take action to remedy the situation. On or about June 15, 2001 after Plaintiff complained of Defendant Longcor's actions, Danka terminated Plaintiff. Plaintiff's termination was a direct result of the Defendant Longcor's discriminatory actions against Plaintiff and Defendant Longcor's influence as a manager at Danka.

12. Plaintiff met all procedural prerequisites to bringing this Complaint by filing with the designated Texas Commission on Human Rights Commission ("TCHRC") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed charges with the EEOC relating to these violations on April 19, 2001 and has received a Right to Sue letter from the TCHRC. Further, Plaintiff is within all applicable statutes of limitations for bringing this civil action. *See Exhibit A.*

Case 1:01-cv-00193  Document 1  Filed in TXSD on 11/16/2001  Page 8 of 39

## COUNT I
## DISCRIMINATION

13.     Plaintiff incorporates the paragraphs above. Plaintiff alleges that he was discriminated against because he is a Mexican American. As such, Plaintiff is a member of the class of persons to which the Texas Commission on Human Rights Act applies. The conduct of Defendants constituted discrimination because of Plaintiff's race and national origin. Danka discriminated against Plaintiff when it wrongfully terminated Plaintiff from his employment. Danka acted in bad faith when it allegedly investigated Plaintiff's complaint and misrepresented that it had resolved the problem. The actions of Defendant Longcor and Danka were in preparation and a pretext to terminating Plaintiff. Defendants interfered with Plaintiff's compensation or the terms, conditions, or privileges of Plaintiff's employment. Defendants' actions limit, segregate, or classify Plaintiff in a manner that deprive him of employment opportunities or adversely affect Plaintiff in other ways. Defendants' conduct created an environment detrimental to Plaintiff's physical and emotional health, interfering with Plaintiff's work performance and causing Plaintiff economic loss and severe emotional distress. Danka, its agents and employees wrongfully permitted such discriminatory conduct to take place.     Plaintiff has suffered damages as a proximate result of the conduct of Defendants' in excess of the minimum jurisdiction of this Court for which Plaintiff requests judgment.

## COUNT II
## RETALIATION IN VIOLATION OF THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

14.     Plaintiff restates the paragraphs above. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant for retaliation in violation of § 21.055 of the TCHRA. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged

for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Plaintiff further shows as follows:

15.    After Plaintiff reported Defendant Longcor's actions to Danka, Defendant Longcor retaliated against Plaintiff by interfering with Plaintiff's ability to work on assignments and causing Plaintiff's termination. Danka condoned and agreed with Defendant Longcor's actions and terminated Plaintiff because Plaintiff complained of and opposed discriminatory practices by Defendant Longcor and Danka. Despite Plaintiff's complaints regarding such retaliation, Danka did nothing but fraudulently and in bad faith misrepresented that it would resolve the problem. The retaliation continued until Plaintiff was discharged from his employment with Defendant on or about June 15, 2001. Defendants committed an unlawful employment practice when they retaliated and discriminated against Plaintiff because he opposed a discriminatory practice; filed a charge or complaint and participated in an investigation of his claims.

## COUNT III
## HOSTILE ENVIRONMENT IN VIOLATION OF THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

16.    Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for hostile work environment in violation of § 21.051 of the TCHRA. The allegations contained in all of the paragraphs of this Plaintiff's Original Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim. The hostile work environment existed because Plaintiff is Mexican. Plaintiff further shows as follows:

17.    Plaintiff, while employed with Danka, was continuously exposed to a hostile work environment that included sexually graphic comments by his supervisor, the performance of sexually explicit actions directed at Plaintiff, and the constant physical sexual advances by

6

Defendant Longcor.   Plaintiff complained to Danka and Danka fraudulently asserted that the matter was resolved when it was not. The hostile work environment continued and Plaintiff was ultimately terminated on or about June 15, 2001.

18.     Plaintiff has suffered damages as a proximate result of the conduct of Defendants in excess of the minimum jurisdiction of this Court for Juan Zamora requests judgment. Plaintiff has suffered damages as a proximate result of the conduct of Defendants' in excess of the minimum jurisdiction of this Court for which Plaintiff requests judgment.

## COUNT IV
## INTENTIONAL INFLICTION OF MENTAL DISTRESS

19.     Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for intentional infliction of mental distress. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

20.     Because of the actions, omissions and policies of Defendants, Plaintiff has suffered or will suffer past, present and future severe emotional distress. Defendants acted intentionally and recklessly; said conduct was extreme and outrageous in that it surpassed all possible bounds of decency and is utterly intolerable in a civilized community. Further, the actions of Defendants caused the Plaintiff emotional distress and the emotional distress suffered by Plaintiff was severe. Said outrageous conduct was done without privilege, permission or consent.

## REQUEST FOR RELIEF

21.     Based on the foregoing, Plaintiff respectively requests that judgment be entered against Defendants on each of the above enumerated causes of action, and that Plaintiff be awarded monetary damages in an amount sufficient to compensate it for all losses incurred, including incidental and consequential damages, court costs, reasonable attorneys' fees, and pre and post

judgment interest. Because Defendants committed the above-described conduct intentionally and maliciously, Plaintiff also requests exemplary damages from Defendants. Plaintiff further prays that he be awarded all other relief, whether general or special, at law or in equity, to which he may be entitled.

## JURY DEMAND

22.   Plaintiff demands that this Court empanel a lawful jury to hear this case.

## RESERVATION OF RIGHTS

23.   Plaintiff specifically reserves the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

## PUNITIVE DAMAGES

24.   As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff is entitled to exemplary damages in excess of the minimum jurisdictional limits of this court.

## DAMAGES FOR MENTAL ANGUISH

25.   As a consequence of the foregoing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff has suffered and will suffer past, present and future severe mental anguish, and economic loss for which he pleads to recover at trial. The damages for said mental anguish and economic loss exceed the minimum jurisdictional limits of this court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of

Plaintiff against Defendant, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages, punitive damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court, and pre-and post-judgment interest and revoking any certificate authorizing Defendant to do business in Texas if any judgment rendered in this case has not been satisfied within three (3) months from the date of filing said final judgment, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

9/21/01

Earnesta Taylor, Esq.
Attorney for Plaintiff
State Bar Number 24028031

**Earnesta Taylor, Attorney-At-Law**
1607 Woods St.
Mission, Texas  78572
Voice: 956-584-7983
Fax:    956-584-1667

20:0: 11/02  15:30 FAX 8132617899     FORD & HARRISON LLP     ☑010
☑010

6310 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr



(512) 437-3450
(512) 437-3473  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

**EXHIBIT A**

## TEXAS COMMISSION ON HUMAN RIGHTS
July 23, 2001

### NOTICE OF RIGHT TO FILE A CIVIL ACTION

Johnny Zamora
716 S. 23RD STREET
DONNA, TX 78537

Re:    *Johnny Zamora v. DANKA OFFICE IMAGING*
      EEOC Complaint #360A10898
      TCHR/Local Commission Complaint #

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION. If the above-referenced case was processed by the United States Equal Employment Opportunity Commission or _____, you should also notify that agency as to your intention to file a civil action.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or _____ through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

*John A. Benavides*

John A. Benavides
Interim Director Of Enforcement

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

DANKA OFFICE IMAGING
1601 S. SUNSHINE STRIP, STE C
HARLINGEN, TX 78550

CERT-C-NCO2(6/92)

*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

No. 2001-09-004159-A      **ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DANKA OFFICE IMAGING, INC.
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATIONS AT
    315 N. ST. PAUL ST.
    DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____, A copy of same accompanies this citation.

The file number of said suit being No. 2001-09-004159-A.

The style of the case is:

JUAN ZAMORA
VS.
DANKA OFFICE IMAGING, INC., ET AL

Said petition was filed in said court by _____ EARNESTA TAYLOR _____ (Attorney for _____ PLAINTIFF _____), whose address is 1607 WOODS ST. MISSION, TEXAS 78572 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of SEPTEMBER, A.D. 2001.

_____ AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 7852?

By _____ Mary Rios _____, Deputy

Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Danka Office Imaging, Inc.
C.T. Corporation
315 N. St. Paul Street
Dallas, Texas 75201

A. Received by (Please Print Clearly) | B. Date of Delivery 10-15-1

C. Signature
X Lucy J. Blanton ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: C.T. CORPORATION ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label) 7000 0520 0020 8782 0210

PS Form 3811, July 1999 Domestic Return Receipt 102595-00-M-0952

U.S. Postal Service
CERTIFIED MAIL RECEIPT

7000 0520 0020 8782 0210

DALLAS, TX 75201

| | | |
|---|---|---|
| Postage | $ 0.57 | UNIT ID: 0068 |
| Certified Fee | 2.10 | |
| Return Receipt Fee (Endorsement Required) | 1.50 | Postmark Here Clerk: KG7GPT |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 4.17 | 10/12/01 |

Recipient's Name (Please Print Clearly) (To be completed by mailer) Danka Office Imaging, Inc.
C.T. Corporation
Street, Apt. No.; or PO Box No. 315 N. St. Paul Street
City, State, ZIP+4 Dallas, Texas 75201

PS Form 3800, February 2000 See Reverse for Instructions

Came to hand the 5 day of October, 2001, at 1 o'clock P.M., and executed (not executed) on the 17th day of October, 2001, by delivering to Danka Office Imaging/C.T. Corporation in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Petition.

Cause of failure to execute this citation is: ______

FEES serving 1 copy ______ Sheriff/Constable ______ County,

Total....... $______ By ______ Deputy

Fees paid by: ______

FILED 4:40 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
OCT 31 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

RODRIGUEZ COLVIN CHANEY LLP ATTY                    NO.278    P.5/7

No. 2001-09-004159-A                    **ORIGINAL**

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRENT LONGCOR
SERVING AT HIS PLACE OF
EMPLOYMENT DANKA OFFICE
IMAGING, INC., 10130 WEST GULF
BANK DR., HOUSTON, TEXAS

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____. A copy of same accompanies this citation.

The file number of said suit being No. 2001-09-004159-A.

The style of the case is:

JUAN ZAMORA
VS.
DANKA OFFICE IMAGING, INC., ET AL

Said petition was filed in said court by _____ EARNESTA TAYLOR _____ (Attorney for _____ PLAINTIFF _____), whose address is 1607 WOODS ST. MISSION, TEXAS 78572 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of SEPTEMBER, A.D. 2001.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____ Mary Rivas _____, Deputy

Came to hand the _5_ day of _October_, _2001_, at _1_ o'clock _P_.M., and (executed) (not executed) on the _17_ day of _October_, _2001_, by delivering to _Brent Longcor_ _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this Citation is: _____
_____.

FEES serving 1 copy

Total....... $_____      Sheriff/constable _____ County,

Fees paid by: _____              By _____ Deputy.

FILED ____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
OCT 3 1 2001
DISTRICT COURT CAMERON COUNTY TEXAS
BY ___ DEPUTY



U.S. Postal Service
CERTIFIED MAIL RECEIPT

HOUSTON, TX  77036

Postage          $        0.57
Certified Fee           2.10
Return Receipt Fee      1.50
Restricted Delivery Fee
Total Postage & Fees    $   4.17

UNIT ID: 0088
Postmark
Clerk: KDUPRT
10/12/01

Brent Longcor
Danka Office Imaging
10155 West Gulf Bank Dr.
Houston, Texas

7000 0520 0020 8785 0227



Sally M. Connet
Attorney at Law
4102 N. 23rd Street
McAllen, Texas 78504

2001

CAUSE NO 2001-09-4159-A

*2256*

NOV 02 2001

| | |
|---|---|
| JUAN ZAMORA, | § |
| Plaintiff | § |
| | § |
| VS. | § |
| | § |
| DANKA OFFICE IMAGING, INC. | § |
| AND BRENT LONGCOR, | § |
| INDIVIUDALLY AND AS AGENT OF | § |
| DANKA OFFICE IMAGING, INC. | § |
| Defendants | § |

IN THE 107th JUDICIAL

DISTRICT COURT OF

CAMERON COUNTY, TEXAS

## ORIGINAL ANSWER OF DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

DANKA OFFICE IMAGING, INC. and BRENT LONGCOR, Defendants, answer the Original Petition filed in this cause by Juan Zamora, Plaintiff, as follows:

1. The Defendants deny each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and in any subsequent pleading, and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants DANKA OFFICE IMAGING, INC. and BRENT LONGCOR pray that the Plaintiff take nothing on his claims, and that the Defendants be allowed to go hence with their costs, and further be granted general relief.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY LLP**
4900 North Tenth Street, Bldg. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax #: (956) 686-6197

Raymond A. Cowley   w/perm RmV

Raymond A. Cowley
State Bar No.: 04932400

ATTORNEYS FOR DEFENDANTS



EXHIBIT
B

# CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the _2nd_ day of _November_, 2001.

Ms. Earnesta Taylor
1607 Woods St.
Mission, Texas 78572

_Raymond A. Cowley_
Raymond A. Cowley

NOV.14.2001       NO.273  P.3/7

No. 2001-09-004159-A    **ORIGINAL**

THE  STATE  OF  TEXAS

    NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DANKA OFFICE IMAGING, INC.
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATIONS AT
    315 N. ST. PAUL ST.
    DALLAS, TEXAS 75201

the      DEFENDANT     , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said    PETITION    was filed on _____. A copy of same accompanies this citation.

The file number of said suit being No. 2001-09-004159-A.

The style of the case is:

<div align="center">

JUAN ZAMORA
VS.
DANKA OFFICE IMAGING, INC., ET AL

</div>

Said petition was filed in said court by    EARNESTA TAYLOR
(Attorney for    PLAINTIFF   ), whose address is
1607 WOODS ST. MISSION, TEXAS 78572

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of SEPTEMBER, A.D. 2001.

AURORA DE LA GARZA   , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By _____ , Deputy

Case 1:01-cv-00193   Document 1   Filed in TXSD on 11/16/2001   Page 21 of 39

- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Received by (Please Print Clearly)   B. Date of Delivery

10-15-1

C. Signature

X _Larry D. Blantini_   ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Danka Office Imaging, Inc.
C.T. Corporation
315 N. St. Paul Street
Dallas, Texas 75201

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

7000 0520 0020 8782 0210

PS Form 3811, July 1999      Domestic Return Receipt

---

U.S. Postal Service
CERTIFIED MAIL RECEIPT

DALLAS, TX  75201          UNIT ID: 0008

| Postage | $ | 0.57 |
| Certified Fee | | 2.10 |
| Return Receipt Fee (Endorsement Required) | | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.17 |

Postmark Here
Clerk: KG/APT
10/12/01

Danka Office Imaging, Inc.
C.T. Corporation
315 N. St. Paul Street
Dallas, Texas 75201

---

FILED
OCT 3 1 2001
at 10:00 o'CLOCK _A_ M
AURORA DE LA GARZA, DIST. CLERK
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

Came to hand the 5 day of October, 2001, at 1 o'clock P.M., and executed (not executed) on the 11th day of October, 2001, by delivering to Danka Office Imaging, Inc., C.T. Corporation, in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Petition.

Cause of failure to execute this citation is:

FEES serving 1 copy
Total ...... $ _____
Fees paid by:

By _____ , Sheriff/Constable, _____ County,
_____ Deputy

Case 1:01-cv-00193   Document 1   Filed in TXSD on 11/16/2001   Page 22 of 39

No. 2001-09-004159-A                      **ORIGINAL**

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: BRENT LONGCOR
    SERVING AT HIS PLACE OF
    EMPLOYMENT DANKA OFFICE
    IMAGING, INC., 10130 WEST GULF
    BANK DR., HOUSTON, TEXAS

the _____ DEFENDANT _____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on _____. A copy of same accompanies this citation.

The file number of said suit being No. 2001-09-004159-A.

The style of the case is:

JUAN ZAMORA
VS.
DANKA OFFICE IMAGING, INC., ET AL

Said petition was filed in said court by _____ EARNESTA TAYLOR _____
(Attorney for _____ PLAINTIFF _____), whose address is
1607 WOODS ST. MISSION, TEXAS 78572.

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 21st day of SEPTEMBER, A.D. 2001.

AURORA DE LA GARZA _____, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

_____ Mary Rivas _____, Deputy

Came to hand the ___5___ day of _October_ , _2001_ , at _1_ o'clock _P_ .M., and
(executed) (not executed) on the _11_ day of _October_ , _2001_ , by delivering to
_Brent Longcor_ _____ in person a true copy of this Citation,
upon which I endorsed the date of delivery, together with the accompanying copy
of the _____ .

Cause of failure to execute this Citation is: _____
_____ .

FEES serving 1 copy

Total....... $_____        Sheriff/constable _____ County,

Fees paid by:_____                      By _____ Deputy.

FILED ON _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
OCT 3 1 2001
DISTRICT COURT OF _____ COUNTY, TEXAS
By _____ DEPUTY

UNIT ID: 0008
Postmark
Clerk: KURMT
10/12/01

Postage   $   0.57
Certified Fee        2.10
Return Receipt Fee        1.50
Restricted Delivery Fee
Total Postage & Fees   $   4.17

Brent Longcor
Danka Office Imaging
10130 W. Gulf Bank Dr.
Houston, Texas

U.S. Postal Service
CERTIFIED MAIL RECEIPT

HOUSTON, TX 77034

7000 0520 0200 8769 0227

Sally M. Connet
Attorney at Law
4102 N. 23rd Street
McAllen, Texas 78504

• Sender: Please print your name, address, and ZIP+4 in this box •

# Law Office of
# Sally M. Connet, Inc.

4102 N. 23RD STREET
McALLEN, TEXAS 78504

*LICENSED IN TEXAS & MISSOURI*
(956)631-9675
(956)631-0911 FACSIMILE

October 26, 2001

Mrs. Aurora De La Garza
District Clerk
Cameron County Courthouse
974 E. Harrison St.
Brownsville, Tx.  78521

**RE:   CITATION For PERSONAL SERVICE**

Dear Mrs. De La Garza:

Enclosed please find an original and a copy of Citation for Personal Service. Please file per your procedures and "filed" stamp the copy and return it to our office in the self addressed envelope for our records.

Thank you for your cooperation and attention to this matter. If you have any questions please don't hesitate to call our office at the above number.

Thank you,

Selene Silva,
Legal Secretary to
SALLY M. CONNET

CAUSE NO. 2001-09-4154

| | | |
|---|---|---|
| JUAN ZAMORA, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | 107th JUDICIAL DISTRICT |
| DANKA OFFICE IMAGING, INC. | § | |
| AND BRENT LONGCOR, | § | |
| INDIVIDUALY AND AS AGENT OF | § | |
| DANKA OFFICE IMAGING, INC., | § | |
| | § | |
| DEFENDANTS. | § | CAMERON COUNTY, TEXAS |

FILED 9:40 O'CLOCK ___ M.
AURORA DE LA GARZA DIST. CLERK
SEP 2 1 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ .DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Juan Zamora, Plaintiff, by and through his attorney, Earnesta Taylor, Esq. and hereby files this Plaintiff's Original Petition complaining of Danka Office Imaging, Inc. and Brent Longcor, individually and as agent of Danka Office Imaging, Inc., hereinafter called Defendants, and for this cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff alleges that discovery in this lawsuit is intended to be conducted under level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff, Juan Zamora, is an individual residing at 716 S. 23rd St., Donna, Texas 78516.

3. Defendant Danka Office Imaging, Inc. is a corporation duly qualified to do business in the State of Texas, with its principal place of business located at St. Petersburg, FL 33716. Defendant Danka Office Imaging, Inc. can be served with process by serving its resident agent, CT Corporations at 315 N. St. Paul St. Dallas, Texas 75201.

4.      Defendant Brent Longcor is an individual who currently resides in Houston, Texas but resided in Cameron County, Texas and was doing business in Cameron County, Texas at all times relevant to this cause of action. Defendant Brent Longcor can be served with process at his place of employment, at Danka Office Imaging, Inc., 10130 West Gulf Bank Dr., Houston, Texas.

## JURISDICTION AND VENUE

5.      Defendant Danka Office Imaging, Inc. conducted business in Harlingen, Cameron County, Texas at all times relevant to this lawsuit and caused the incident(s) that is the subject of this lawsuit. Therefore, jurisdiction and venue are proper in Cameron County, Texas. As a proximate result of said incident(s), damages in excess of the minimum jurisdictional limits of this Court were incurred by Plaintiff.

6.      Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant, Danka Office Imaging, Inc. while operating business in the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

7.      Brent Longcor at all times relevant to the cause(s) of action herein stated lived and worked in Cameron County, Texas and is currently living and working in Houston, Texas.

8.      Venue is proper in Cameron County under §15.002 of the Texas Civil Practice and Remedies Code, because the incident(s) that form the basis of this cause of action occurred in Cameron County, Texas.

## FACTUAL BACKGROUND

9.      Plaintiff, Juan Zamora was an employee of Danka Office Imaging, Inc. During the time that Plaintiff worked for Danka, Plaintiff performed his job duties with dedication, loyalty and

hard work.

10.     Beginning August 2001 Plaintiff was the subject of racially verbal and physical abuse by
Brent Longcor, Plaintiff's immediate supervisor at Danka Office Imaging, Inc. in Harlingen,
Texas. Defendant Longcor continuously referred to Plaintiff in a derogatory and racist manner
calling Plaintiff such things as, "greedy Mexican", "salt-and-pepper hair" and "diarrhea of the
mouth", "nacho" and "burrito head". Defendant Longcor impliedly referred to Plaintiff as being
"a lazy Mexican" because, Longcor said, "you all Mexicans always have Siestas in the
afternoon". Defendant Longcor made remarks depicting sexually explicit sex acts and would ask
Plaintiff "if he liked it". At times Defendant Longcor would grab and touch Plaintiff's crotch
and buttocks.

11.     Plaintiff complained to Defendant Danka Office Imaging, Inc. (hereafter "Danka") in
February 2001. Danka purportedly conducted an investigation and Plaintiff was misleadingly
told on or about March 17, 2001, that Danka would take action to remedy the situation. On or
about June 15, 2001 after Plaintiff complained of Defendant Longcor's actions, Danka
terminated Plaintiff. Plaintiff's termination was a direct result of the Defendant Longcor's
discriminatory actions against Plaintiff and Defendant Longcor's influence as a manager at
Danka.

12.     Plaintiff met all procedural prerequisites to bringing this Complaint by filing with the
designated Texas Commission on Human Rights Commission ("TCHRC") and the Equal
Employment Opportunity Commission ("EEOC"). Plaintiff filed charges with the EEOC
relating to these violations on April 19, 2001 and has received a Right to Sue letter from the
TCHRC. Further, Plaintiff is within all applicable statutes of limitations for bringing this civil
action. *See Exhibit A.*

## COUNT I
## DISCRIMINATION

13.    Plaintiff incorporates the paragraphs above. Plaintiff alleges that he was discriminated against because he is a Mexican American. As such, Plaintiff is a member of the class of persons to which the Texas Commission on Human Rights Act applies. The conduct of Defendants constituted discrimination because of Plaintiff's race and national origin. Danka discriminated against Plaintiff when it wrongfully terminated Plaintiff from his employment. Danka acted in bad faith when it allegedly investigated Plaintiff's complaint and misrepresented that it had resolved the problem. The actions of Defendant Longcor and Danka were in preparation and a pretext to terminating Plaintiff. Defendants interfered with Plaintiff's compensation or the terms, conditions, or privileges of Plaintiff's employment. Defendants' actions limit, segregate, or classify Plaintiff in a manner that deprive him of employment opportunities or adversely affect Plaintiff in other ways. Defendants' conduct created an environment detrimental to Plaintiff's physical and emotional health, interfering with Plaintiff's work performance and causing Plaintiff economic loss and severe emotional distress. Danka, its agents and employees wrongfully permitted such discriminatory conduct to take place. Plaintiff has suffered damages as a proximate result of the conduct of Defendants' in excess of the minimum jurisdiction of this Court for which Plaintiff requests judgment.

## COUNT II
## RETALIATION IN VIOLATION OF THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

14.    Plaintiff restates the paragraphs above. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant for retaliation in violation of § 21.055 of the TCHRA. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged

for all purposes and incorporated herein with the same force and effect as if set forth verbatim. Plaintiff further shows as follows:

15.    After Plaintiff reported Defendant Longcor's actions to Danka, Defendant Longcor retaliated against Plaintiff by interfering with Plaintiff's ability to work on assignments and causing Plaintiff's termination. Danka condoned and agreed with Defendant Longcor's actions and terminated Plaintiff because Plaintiff complained of and opposed discriminatory practices by Defendant Longcor and Danka. Despite Plaintiff's complaints regarding such retaliation, Danka did nothing but fraudulently and in bad faith misrepresented that it would resolve the problem. The retaliation continued until Plaintiff was discharged from his employment with Defendant on or about June 15, 2001. Defendants committed an unlawful employment practice when they retaliated and discriminated against Plaintiff because he opposed a discriminatory practice; filed a charge or complaint and participated in an investigation of his claims.

## COUNT III
### HOSTILE ENVIRONMENT IN VIOLATION OF THE
### TEXAS COMMISSION ON HUMAN RIGHTS ACT

16.    Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for hostile work environment in violation of § 21.051 of the TCHRA. The allegations contained in all of the paragraphs of this Plaintiff's Original Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim. The hostile work environment existed because Plaintiff is Mexican. Plaintiff further shows as follows:

17.    Plaintiff, while employed with Danka, was continuously exposed to a hostile work environment that included sexually graphic comments by his supervisor, the performance of sexually explicit actions directed at Plaintiff, and the constant physical sexual advances by

Case 1:01-cv-00193  Document 1  Filed in TXSD on 11/16/2001  Page 30 of 39

Defendant Longcor.    Plaintiff complained to Danka and Danka fraudulently asserted that the matter was resolved when it was not.  The hostile work environment continued and Plaintiff was ultimately terminated on or about June 15, 2001.

18.    Plaintiff has suffered damages as a proximate result of the conduct of Defendants in excess of the minimum jurisdiction of this Court for Juan Zamora requests judgment.  Plaintiff has suffered damages as a proximate result of the conduct of Defendants' in excess of the minimum jurisdiction of this Court for which Plaintiff requests judgment.

## COUNT IV
## INTENTIONAL INFLICTION OF MENTAL DISTRESS

19.    Pursuant to Texas state law, Plaintiff pleads a cause of action against Defendants for intentional infliction of mental distress.  The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

20.    Because of the actions, omissions and policies of Defendants, Plaintiff has suffered or will suffer past, present and future severe emotional distress.  Defendants acted intentionally and recklessly; said conduct was extreme and outrageous in that it surpassed all possible bounds of decency and is utterly intolerable in a civilized community.  Further, the actions of Defendants caused the Plaintiff emotional distress and the emotional distress suffered by Plaintiff was severe.  Said outrageous conduct was done without privilege, permission or consent.

## REQUEST FOR RELIEF

21.    Based on the foregoing, Plaintiff respectively requests that judgment be entered against Defendants on each of the above enumerated causes of action, and that Plaintiff be awarded monetary damages in an amount sufficient to compensate it for all losses incurred, including incidental and consequential damages, court costs, reasonable attorneys' fees, and pre and post

7

judgment interest. Because Defendants committed the above-described conduct intentionally and maliciously, Plaintiff also requests exemplary damages from Defendants. Plaintiff further prays that he be awarded all other relief, whether general or special, at law or in equity, to which he may be entitled.

## JURY DEMAND

22.     Plaintiff demands that this Court empanel a lawful jury to hear this case.

## RESERVATION OF RIGHTS

23.     Plaintiff specifically reserves the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

## PUNITIVE DAMAGES

24.     As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff is entitled to exemplary damages in excess of the minimum jurisdictional limits of this court.

## DAMAGES FOR MENTAL ANGUISH

25.     As a consequence of the foregoing facts and the willful and malicious nature of the wrongs committed against the Plaintiff, Plaintiff has suffered and will suffer past, present and future severe mental anguish, and economic loss for which he pleads to recover at trial. The damages for said mental anguish and economic loss exceed the minimum jurisdictional limits of this court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of

Case 1:01-cv-00193   Document 1   Filed in TXSD on 11/16/2001   Page 32 of 39

8

Plaintiff against Defendant, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages, punitive damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court, and pre-and post-judgment interest and revoking any certificate authorizing Defendant to do business in Texas if any judgment rendered in this case has not been satisfied within three (3) months from the date of filing said final judgment, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

9/21/01

Earnesta Taylor, Esq.
Attorney for Plaintiff
State Bar Number 24028031

**Earnesta Taylor, Attorney-At-Law**
1607 Woods St.
Mission, Texas 78572
Voice: 956-584-7983
Fax: 956-584-1667

2003 11 '02 15:30 FAX 8132617899  FORD & HARRISON LLP   ☑ 010
☑ 010

633 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
http://welcome.to/tchr



(512) 437-3450
(512) 437-3478  Fax
(888) 452-4778  Toll Free
(512) 371-7473  TTY
(800) 735-2989  Texas Relay

**EXHIBIT A**

## TEXAS COMMISSION ON HUMAN RIGHTS
July 23, 2001

### NOTICE OF RIGHT TO FILE A CIVIL ACTION

Johnny Zamora
716 S. 23RD STREET
DONNA, TX 78537

Re:  *Johnny Zamora v. DANKA OFFICE IMAGING*
EEOC Complaint #360A10898
TCHR/Local Commission Complaint #

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION. If the above-referenced case was processed by the United States Equal Employment Opportunity Commission or _____, you should also notify that agency as to your intention to file a civil action.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or _____ through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - *et seq.*

Sincerely,

*John A. Benavides*

John A. Benavides
Interim Director Of Enforcement

### RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

DANKA OFFICE IMAGING
1601 S. SUNSHINE STRIP, STE C
HARLINGEN, TX 78550

CERT-C-NCO2(6/92)

*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

CAUSE NO. 2001-09-4159-A

| | | |
|---|---|---|
| JUAN ZAMORA, | § | IN THE 107th JUDICIAL |
|     Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| DANKA OFFICE IMAGING, INC. | § | |
| AND BRENT LONGCOR, | § | |
| INDIVIUDALLY AND AS AGENT OF | § | |
| DANKA OFFICE IMAGING, INC. | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

DANKA OFFICE IMAGING, INC. and BRENT LONGCOR, Defendants, answer the Original Petition filed in this cause by Juan Zamora, Plaintiff, as follows:

1. The Defendants deny each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and in any subsequent pleading, and demand strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendants DANKA OFFICE IMAGING, INC. and BRENT LONGCOR pray that the Plaintiff take nothing on his claims, and that the Defendants be allowed to go hence with their costs, and further be granted general relief.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY LLP**
4900 North Tenth Street, Bldg. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax #: (956) 686-6197

Raymond A. Cowley
State Bar No.: 04932400

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing

document has been forwarded by certified mail, return receipt requested, to the following

counsel of record, on the _2nd_ day of _November_, 2001.

Ms. Earnesta Taylor
1607 Woods St.
Mission, Texas 78572

Raymond A. Cowley

4/01
0 PM

* * * * CLERK'S ENTRIES * * * * *

PAGE: 01

2001-09-004159-A

09   21   01

(10)
DAMAGES

00593201
EARNESTA TAYLOR
1607 WOODS ST.
MISSION, TEXAS          78572 0000

00469601
RAYMOND A. CONLEY  - A-2
4900 NORTH 10TH BLDG
MCALLEN TEXAS           78504 0000

JUAN ZAMORA

VS

A OFFICE IMAGING, INC., ET AL

09/21/01 ORIGINAL PETITION FILED
09/21/01 CITATION: DANKA OFFICE IMAGING, INC.
09/21/01    SERVED: 10/11/01    FILED: 10/31/01
09/21/01 CITATION: BRENT LONGCOR
09/21/01    SERVED: 10/11/01    FILED: 10/31/01
11/02/01 ORIGINAL ANSWER: DANKA OFFICE IMAGING,
         INC.
11/02/01 ORIGINAL ANSWER: BRENT LONGCOR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ZAMORA,<br>     Plaintiff | ) ) ) | |
| v. | ) ) | Case No.: _____ |
| DANKA OFFICE IMAGING, INC.<br>AND BRENT LONGCOR,<br>INDIVIDUALLY AND AS AGENT OF<br>DANKA OFFICE IMAGING, INC.<br>     Defendants. | ) ) ) ) ) ) | |

## LIST OF COUNSEL AND PARTIES

## COUNSEL FOR PLAINTIFF:

Ms. Earnesta Taylor
1607 Woods Street
Mission, Texas 78572
Telephone: (956) 584-7983
Telefax: (956) 584-1667

## COUNSEL FOR DEFENDANTS:

Danka Office Imaging, Inc. and Brent Longcor

Raymond A. Cowley
Rodriguez, Colvin & Chaney, LLP
4900 North Tenth Street, Bldg. A2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax: (956) 686-6197

IS 44
Rev 07 89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**United States District Court**
**Southern District of Texas**
**FILED**

**NOV 16 2001**

**Michael N. Milby**
**Clerk of Court**

## I. (a) PLAINTIFFS
Juan Zamora

## DEFENDANTS
Danka Office Imaging, Inc. and Brent Longcor, Individually of Danka Office Imaging, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hidalgo
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Out of State
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Ms. Earnesta Taylor
1607 Woods Street
Mission, Texas 78572
(956)584-7983

ATTORNEYS (IF KNOWN)
Raymond A. Cowley
Rodriguez, Colvin & Chaney, LLP
4900 N. 10th., Bldg. A2
McAllen, Texas 78504    (956) 686-1287

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a lawsuit in which the Plaintiff alleges discrimination and retaliation in violation of the Texas Commission on Human Rights Act, and also alleges a common law claim of intentional infliction of emotional distress. There is complete diversity of citizenship as no cause of action exists against the forum state defendant. Jurisdiction is proper pursuant to 28 USC Sec. 1332, 1441, 1446.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury – Med Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R R & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☒ 790 Other Labor Litigation
☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
Unspecified

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions).
None

JUDGE _____   DOCKET NUMBER _____

DATE  11/6/01

SIGNATURE OF ATTORNEY OF RECORD  Rymd A. ...

United States District Court
Southern District of Texas
FILED

NOV 1 6 2001

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN ZAMORA,                                )
     Plaintiff                              )
                        )
                        )     Case No.: **B -01- 19 3**
v.                     )
                        )
DANKA OFFICE IMAGING, INC.                  )
AND BRENT LONGCOR,                          )
INDIVIDUALLY AND AS AGENT OF                )
DANKA OFFICE IMAGING, INC.                  )
     Defendants.                            )

------------------------------------------------------------

# I N D E X

------------------------------------------------------------

1.    Notice of Removal

2.    Civil Cover Sheet

3.    Citation

4.    Plaintiff's Original Petition

5.    Defendant's Original Answer

6.    Civil Docket Sheet - State Court

7.    List of Counsel of Record