# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN ZAMORA AND | § | |
| HERALIO HERNANDEZ | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| V. | § | |
| | § | CAUSE NO. B-01-193 |
| DANKA OFFICE IMAGING, INC. | § | |
| AND BRENT LONGCOR, | § | |
| SUPERVISOR, INDIVIDUALY | § | |
| AND IN HIS OFFICIAL CAPACITY | § | JURY TRIAL DEMANDED |
| AND AS AGENT OF | § | |
| DANKA OFFICE IMAGING, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COME NOW** Juan Zamora and Heralio Hernandez, Plaintiffs, by and through their attorneys, Sally M. Connet Esq. and Earnesta Taylor Esq. and hereby files this Plaintiff's First Amended Complaint.

## PRELIMINARY STATEMENT

1.      This action seeks monetary relief for plaintiffs Juan Zamora ["ZAMORA:] and Heralio Hernandez ["HERNANDEZ"] for denial of equal employment opportunity.   ZAMORA and HERNANDEZ seek to obtain monetary relief for discrimination and sexual harassment.   Both Plaintiffs also seeks to obtain monetary relief on the basis of unlawful employment practices by defendants Danka Office Imaging, Inc. ["DANKA"]; its agents and employees, and defendant Bent Longcor ["LONGCOR"].

2.    This complaint also alleges damages to the plaintiffs as a result of defendant DANKA maintaining a policy, practice, custom or usage, including, but not necessarily limited to the following:

a. Discriminating against plaintiffs because they are Mexican-American with respect to the terms, conditions, and privileges of their employment;

b. Limiting and otherwise creating an environment of psychological harassment, sexual harassment, and professional segregation in ways which damaged their personal and professional status and otherwise affected their status
as an employee of defendant DANKA because of their sex;

c. Harassing plaintiffs' sexually and otherwise, doing injury to their person and professional reputation;

d. Termination of employment in retaliation for the filing of grievances with respect to the disparate treatment perpetuated by defendants; and

e. Maintaining a hostile work environment depriving plaintiffs of equal employment rights under State and Federal Laws.

**PARTIES**

3.    Plaintiff, ZAMORA is an individual residing at 716 S. 23rd St., Donna, Texas 78516. . For purposes of this action plaintiff ZAMORA is a citizen of the state of Texas.

4.    Plaintiff HERNANDEZ is an individual residing at 1113 S. Tower Rd., Alamo, TX 78516. For purposes of this action plaintiff HERNANDEZ is a citizen of the state of Texas.

5.    Defendant DANKA. is a corporation duly qualified to do business in the State of Texas, with its principal place of business located at St. Petersburg, FL 33716. For purposes of this action Defendant DANKA is a citizen of the State of Florida.

*Plaintiff's First Amended Complaint*                                                          2

6.      Defendant DANKA is an employer as defined in 701(b), (g), and (h) of the Civil Rights Act, 42 USC 2000e(b), (g), and (h), in that defendant DANKA affects commerce and employs at least fifteen (15) persons.

7.      Defendant LONGCOR is an individual who currently resides in Houston, Texas but resided in Cameron County, Texas at all times relevant to this cause of action. For purposes of this action Defendant LONGCOR is a citizen of the state of Texas.

8.      LONGCOR acted within his official capacity as supervisor over the plaintiffs and was an agent of defendant DANKA. At all times material hereto, defendant LONGCOR acted both in his official capacity as agent for defendant DANKA and/or in his individual capacity, as well as in the course of his employment.

9.      Defendant LONGCOR was an employee with DANKA and, at all times relevant hereto, was the supervisor over plaintiffs. He is being sued in his individual and official capacities.

### JURISDICTION AND VENUE

10.     Defendant DANKA conducted business in Harlingen, Cameron County, Texas at all times relevant to this lawsuit and caused the incident(s) that is the subject of this lawsuit. Therefore, jurisdiction and venue are proper in Cameron County, Texas. As a proximate result of said incident(s), Plaintiffs incurred damages in excess of the minimum jurisdictional limits of this Court.

11.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant DANKA. while operating business in the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

12.     Defendant LONGCOR at all times relevant to the cause(s) of action herein stated lived and worked in Cameron County, Texas and is currently living and working in Houston, Texas.

*Plaintiff's First Amended Complaint*                                                               3

13.    Venue is proper in Cameron County under §15.002 of the Texas Civil Practice and Remedies Code, because the incident(s) that form the basis of this cause of action occurred in Cameron County, Texas.

14.    This action arises under provisions of Title VII of the Acts of Congress known as the Civil Rights Act of 1964, 78 Stat. 253, as amended, and Title 42 USC 2000e et seq.

15.    Jurisdiction is also invoked pursuant to 42 USC 2000e-5(g), which allows equitable and other relief.

16.    The jurisdiction of this Court is also invoked pursuant to 28 USC 1331.

17.    The jurisdiction of this Court is also invoked pursuant to the and 28 USC 1343.

18.    The jurisdiction of this Court is also invoked pursuant to the Texas Commission on Human Rights Act.

19.    All acts alleged herein occurred within the state of Texas, Cameron County.

20.    This case involves an amount of money in controversy in excess of $50,000.

## PROCEDURAL PRE-REQUISITES SATISFIED

21.    Plaintiffs met all procedural prerequisites to bringing this Complaint by filing with the designated Texas Commission on Human Rights Commission ("TCHRC") and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff ZAMORA filed charges with the EEOC relating to these violations on April 19, 2001 and has received a Right to Sue letter from the TCHRC and the EEOC. ZAMORA filed this suit within TCHRC 60 day requirement and EEOC 90 requirement respectively after both agencies issued determination letters.

22.    Plaintiff HERNANDEZ filed a charge of discrimination with the EEOC charging employment discrimination against defendants DANKA and retaliation by defendant LONGCOR. A determination letter is attached hereto. *See Exhibit A.*

*Plaintiff's First Amended Complaint*                                          4

23.     Less than 90 days have elapsed since the submission of the determination letter for HERNANDEZ.

## FACTUAL BACKGROUND

24.     Plaintiffs ZAMORA and HERNANDEZ were employees of DANKA. During the time that Plaintiffs worked for DANKA, Plaintiffs performed their job duties with dedication, loyalty and hard work.

25.     Beginning August 2001 Plaintiff ZAMORA was the subject of racially verbal and physical abuse by LONGCOR, ZAMORA'S immediate supervisor at DANKA in Harlingen, Texas. Defendant LONGCOR continuously referred to Plaintiff in a derogatory and racist manner, calling plaintiffs such things as, "greedy Mexican", "salt-and-pepper hair" and "diarrhea of the mouth", "nacho" and "burrito head". Defendant LONGCOR impliedly referred to Plaintiff as being "a lazy Mexican" because, LONGCOR said, "you all Mexicans always have Siestas in the afternoon". Defendant LONGCOR made remarks depicting sexually explicit sex acts and would ask Plaintiff "if he liked it". At times Defendant LONGCOR would grab and touch Plaintiff's crotch and buttocks.

26.     ZAMORA complained to DANKA in February 2001. DANKA purportedly conducted an investigation and ZAMORA was misleadingly told on or about March 17, 2001, that DANKA would take action to remedy the situation. On or about June 15, 2001 after ZAMORA complained of LONGCOR'S actions, DANKA terminated ZAMORA. ZAMORA'S termination was a direct result of the LONGCOR'S discriminatory actions against ZAMORA and LONGCOR'S influence as a manager at DANKA.

27.     The above facts in paragraphs 24-26 apply to HERNANDEZ as well. HERNANDEZ suffered the same or similar acts of discrimination and sexual harassment during his employment

with DANKA and all the while LONGCOR was his immediate supervisor. Both plaintiffs received discriminatory treatment from DANKA.

## COUNT I
## DISCRIMINATION

28.    Plaintiffs incorporate paragraphs 24 to 27 above. Plaintiffs allege that they were discriminated against because they are Mexican Americans. As such, plaintiffs are members of the class of persons to which the Texas Commission on Human Rights Act applies.

29.    The conduct of Defendants constituted discrimination because of Plaintiff's race and national origin. DANKA discriminated against plaintiffs when it wrongfully terminated plaintiffs from their employment. DANKA acted in bad faith when it allegedly investigated plaintiffs' complaints of discrimination and misrepresented that it had resolved the problem.

30.    The actions of Defendant LONGCOR and DANKA were in preparation and a pretext to terminating plaintiffs. Defendants interfered with plaintiffs' compensation or the terms, conditions, or privileges of plaintiffs' employment. Defendants' actions limit, segregate, or classify plaintiffs in a manner that deprive them of employment opportunities or adversely affect plaintiffs in other ways. Defendants' conduct created an environment detrimental to plaintiffs' physical and emotional health, interfering with Plaintiffs' work performance and causing Plaintiff economic loss and severe emotional distress. DANKA, its agents and employees wrongfully permitted such discriminatory conduct to take place.

31.    Plaintiffs have suffered damages as a proximate result of the conduct of Defendants' in excess of the minimum jurisdiction of this Court for which Plaintiff requests judgment. Plaintiffs believe that they were denied equal opportunity in the terms and conditions of their employment with defendant DANKA solely on account of their race. The actions of DANKA along with the

conduct, words, and statements made by defendant LONGCOR as agent and employee of
defendants DANKA acting within the scope of his authority, constituted discrimination

## COUNT II
## RETALIATION IN VIOLATION OF THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

32.    Plaintiffs incorporate herein paragraphs 24-31 above.  Pursuant to Texas State Law,
plaintiffs plead a cause of action against Defendants for retaliation in violation of § 21.055 of the
TCHRA.  The allegations contained in all of the paragraphs of this Complaint are hereby re-
averred and re-alleged for all purposes and incorporated herein with the same force and effect as
if set forth verbatim.  Plaintiffs further shows as follows:

33.    Plaintiff complained of and opposed discriminatory practices by Defendant LONGCOR
and DANKA.  Despite plaintiffs' complaints regarding retaliation, DANKA did nothing but
fraudulently and in bad faith misrepresented that it would resolve the problem.    The retaliation
continued until plaintiffs were discharged from their employment with Defendant on or about
June 15, 2001. Defendants committed an unlawful employment practice when it retaliated
against plaintiffs and DANKA discriminated against plaintiffs because they opposed a
discriminatory practice; filed a charge or complaint and participated in an investigation of their
claims.

## COUNT III
## HOSTILE ENVIRONMENT IN VIOLATION OF THE
## TEXAS COMMISSION ON HUMAN RIGHTS ACT

34.    Plaintiffs re-allege  paragraphs 9-33 herein are hereby re-averred and re-alleged for all
purposes and incorporated herein with the same force and effect as if set forth verbatim.
Pursuant to Texas State law, plaintiffs plead a cause of action against Defendants for hostile

work environment in violation of § 21.051 of the TCHRA. The hostile work environment existed because Plaintiffs are Mexican-American. Plaintiffs further shows as follows:

35.    Plaintiffs, while employed with DANKA, was continuously exposed to a hostile work environment that included sexually graphic comments by their LONGCOR, the performance of sexually explicit actions directed at plaintiffs, and the constant physical sexual advances by Defendant LONGCOR.    Plaintiffs complained to DANKA and DANKA fraudulently asserted that the matter was resolved when it was not.    The hostile work environment continued and Plaintiffs were ultimately terminated on or about June 15, 2001.

36.    Plaintiffs have suffered damages as a proximate result of the conduct of Defendants in excess of the minimum jurisdictional limit of this Court for which plaintiffs request judgment.

**COUNT IV**
**SEXUAL HARASSMENT**

37.    Plaintiffs re-allege and incorporate herein paragraphs 24-36 herein.    Pursuant to Texas State law and Federal law, plaintiffs plead a cause of action against Defendants for sexual harassment.

38.    Plaintiffs assert that they were sexually harassed in violation of Texas State laws. Plaintiffs state that they are within the class of persons protected under state and federal laws. Defendant DANKA is an employer under the statute.    The conduct complained of by plaintiffs constituted unwelcome sexual harassment and discrimination based on plaintiffs' sex. Defendants' sexually discriminatory and retaliatory  conduct created a work environment extremely detrimental to plaintiffs' emotional and physical health, interfering with plaintiffs' work performance and caused them acute emotional distress.    Defendants, its agents, servants and employees improperly permitted such discriminatory conduct to take place.    As such,

plaintiff sues the business defendant, for the acts of its managers, supervisors, employees and agents.

39.    Plaintiffs allege sexual harassment because they are both men and LONGCOR is a homosexual with a predisposition to intimate, romantic and/or other similar non-heterosexual relationships with persons of the same sex.  Plaintiffs believe that they were denied equal opportunity in the terms and conditions of their employment with defendant DANKA solely on account of their sex.  At all times LONGCOR acted within his official supervisory capacity over plaintiffs.  LONGCOR is being sued in his official capacity and as agent of DANKA and he is being sued individually.

40.    Respondeat Superior imposes liability to DANKA for the actions of LONGCOR. DANKA failed to protect plaintiffs from sexual harassment in the workplace and failed to prevent sexual harassment toward plaintiffs.  DANKA knew or should have known of the unequal treatment against plaintiffs and failed to take reasonable steps to prevent, protect or correct such actions.

41.    Because of the actions, omissions and policies of DANKA, plaintiffs have suffered or will suffer past, present and future severe emotional distress.  Defendants acted intentionally and recklessly; said conduct was extreme and outrageous in that it surpassed all possible bounds of decency and is utterly intolerable in a civilized community.  Further, the actions of Defendants caused the Plaintiffs emotional distress and the emotional distress suffered by Plaintiff was severe.  Said outrageous conduct was done without privilege, permission or consent.

## COUNT V
## ASSAULT AND BATTERY

42.     Plaintiffs incorporate paragraphs 24-41 herein.  Plaintiffs sue defendants for the wrongful and offensive acts committed against their person.  On such occasions, defendants intentionally and knowingly committed acts that placed plaintiffs in apprehension of imminent physical contact, when defendants knew or should have reasonably believed that such contact would be offensive to plaintiffs.  The defendants intentionally and knowingly made physical contact with plaintiffs when defendants knew or should have known that such contact would be offensive and harmful to the plaintiffs.

## COUNT VI
## INTENTIONAL INTERFERANCE WITH PERFORMANCE OF JOB DUTIES

43.     Plaintiffs incorporate paragraphs 24-42 herein.  Plaintiffs assert a cause of action against defendants for intentional interference with the performance of their job duties.  Plaintiffs state that defendants in a manner, contrary to Texas laws, when they intentionally and deliberately, through their conduct prevented plaintiffs from performing their job duties and denying them access to sales territories to carry out their job.

## REQUEST FOR RELIEF

44.     Based on the foregoing, Plaintiffs respectively requests that judgment be entered against Defendants on each of the above enumerated causes of action, and that Plaintiffs be awarded monetary damages in an amount sufficient to compensate them for all losses incurred, including incidental and consequential damages, court costs, reasonable attorneys' fees, and pre and post judgment interest. Because Defendants committed the above-described conduct intentionally and maliciously, Plaintiffs also request exemplary damages from Defendants.  Plaintiffs further pray

*Plaintiff's First Amended Complaint*                                                                    10

that they are awarded all other relief, whether general or special, at law or in equity, to which they may be entitled.

## JURY DEMAND

45.    Plaintiffs request that this Court impanel a lawful jury to hear this case.

## RESERVATION OF RIGHTS

46.    Plaintiffs specifically reserve the right to bring additional causes of action against Defendants and to amend this Petition as necessary.

## PUNITIVE DAMAGES

47.    As a consequence of the foregoing clear and convincing facts and the willful and malicious nature of the wrongs committed against the Plaintiffs, Plaintiffs is entitled to exemplary damages in excess of the minimum jurisdictional limits of this court.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiffs against Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, for compensatory damages, punitive damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court, and pre-and post-judgment interest and revoking any certificate authorizing Defendant to do business in Texas if any judgment rendered in this case has not been satisfied within three (3) months from the date of filing said final judgment, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may be justly entitled.

*Plaintiff's First Amended Complaint*                                                                11

Respectfully submitted,

**Sally M. Connet, Esq.**
Co-counsel for Plaintiffs
Federal License No. 13878
*Law Office of Sally M. Connet, Inc.*
4102 North 23rd. Street
McAllen TX 78504
Fax 956-631-0911
Phone 956-631-9675

**Earnesta Taylor, Esq.**
Co-counsel for Plaintiff
Pro Hac Vice Admission Pending
*Law Office of Sally M. Connet, Inc.*
4102 North 23rd Street
McAllen, Texas 78504
Voice: 956-631-9675
Fax:   956-631-9675

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this____day of March, 2002, I caused a true and correct copy of the foregoing MOTION FOR LEAVE TO AMEND ORIGINAL PETITION to be served upon Defendants via facsimile and certified mail to:

**Raymond Cowley, Esq.**
4900 N. 10th Street
Building A-2
McAllen TX 78505
Facsimile 956-686-6197

**James Craig, Esq.**
101 E. Kenny Blvd.
Suite 900
Tampa FL 33602
Facsimile 813-261-7899

*Plaintiff's First Amended Complaint*                                                    12

## CERTIFICATE OF CONFERENCE

The parties have communicated regarding Plaintiff's Motion to Amend the Complaint and Plaintiff's First Amended Complaint and defendants so not object to the filing of this Motion and amended Complaint.

Respectfully submitted,

**Sally M. Connet, Esq.**
Co-counsel for Plaintiffs
Federal License No. 13878
*Law Office of Sally M. Connet, Inc.*
4102 North 23rd. Street
McAllen TX  78504
Fax  956-631-0911
Phone  956-631-9675

**Earnesta Taylor, Esq.**
Co-counsel for Plaintiff
Pro Hac Vice Admission Pending
*Law Office of Sally M. Connet, Inc.*
4102 North 23rd Street
McAllen, Texas 78504
Voice: 956-631-9675
Fax:    956-631-9675

**EXHIBIT A**

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Heralio Hernandez<br>1113 S Tower Rd<br>Alamo, TX 78516 | From: U.S. Equal Employment Opportunity Commission<br>San Antonio District Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229-3555 |

[    ]    *On behalf of person(s) aggrieved whose identity is*
         *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 360 A1 1574 | Guillermo Zamora, Enforcement Supervisor | (210) 281-7603 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[    ]    More than 180 days have passed since the filing of this charge.

[  X  ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  X  ]    The EEOC is terminating its processing of this charge.

[    ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[    ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Pedro Esquivel, Director

2/15/02
*(Date Mailed)*

Enclosure(s)

cc:   DANKA Office Imaging