United States District Court
Southern District of Texas
FILED

APR 0 1 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ZAMORA and HERALIO HERNANDEZ, <br> Plaintiffs <br><br> v. <br><br> DANKA OFFICE IMAGING, INC. AND BRENT LONGCOR, INDIVIDUALLY AND AS AGENT OF DANKA OFFICE IMAGING, INC. <br> Defendants. | § § § § § § § § § § § | Case No.: B-01-193 |

## PLAINTIFF'S AND DEFENDANTS' JOINT DISCOVERY/CASE MANAGEMENT PLAN

JUAN ZAMORA and HERALIO HERNANDEZ, Plaintiffs, and DANKA OFFICE IMAGING, INC. AND BRENT LONGCOR, Defendants, file their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identifies the counsel who attended for each party.

   The meeting was held via telephone by Earnesta Taylor, Raymond A. Cowley and James M. Craig on March 29, 2002.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   There are none.

3. Briefly describe what this case is about.

   Plaintiffs allege that they were victims of both sexual and national origin harassment and that the termination of their employments by Defendant Danka was unlawful retaliation under the Texas Commission on Human Rights Act ("TCHRA") as amended, Tex. Lab. Code Ann. §§21.001, *et. seq.* (Vernon 1996 & Supp. 2001). Plaintiffs also claim that Defendants Danka and Longcor are liable for the torts of assault and battery and intentional interference with job duties. Defendants deny any unlawful conduct and Defendant Danka responds that it took the appropriate and prompt remedial action upon any complaint of harassment brought by the Plaintiffs and, further, that its termination of Plaintiff's employment was for legitimate, nondiscriminatory reasons. Defendants also contend that, by alleging intentional interference with job performance, the Plaintiffs fail to state a cognizable claim.

4. Specify the allegation of federal jurisdiction.

   Diversity of citizenship. Moreover, the Plaintiffs have waived any right to seek a remand to state court by failing to timely file a motion to remand.

5. Name the parties who disagree and the reasons.

   There is no disagreement that this Court has jurisdiction over the parties and the claims.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   There are none presently known.

7. List anticipated interventions.

   There are none presently known.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The parties will exchange initial disclosures prior to the initial pre-trial conference.

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        (a) Rule 26(f) - See response to Number 9.

        (b) Rule 26(f)(2) - Plaintiffs and Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. The parties anticipate discovery will be completed within 270 days.

        (c) Rule 26(f)(3) - No changes needed at this time, subject to arrangements of the parties.

        (d) Rule 26(f)(4) - None known at this time.

B.    When and to whom the plaintiff anticipates it may send interrogatories.

The Plaintiffs will send interrogatories, as well as other discovery requests, within 30 days of the initial conference.

C.    When and to whom the defendants anticipate they may send interrogatories.

Defendants will send interrogatories, as well as other discovery requests, within 30 days of the initial conference.

D.    Of whom and by when the plaintiff anticipates taking oral depositions.

The Plaintiffs anticipate taking the depositions of the representatives for Defendant and perhaps others. These are anticipated to be taken within 90 to 180 days.

E.    Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the depositions of the Plaintiffs, of any fact witnesses, and Plaintiff's designated experts, if any. It is anticipated that these will be taken within 90 to 180 days.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The Plaintiffs will identify experts and provide their reports at least 60 days prior to the discovery deadline. Defendants will identify experts and provide their reports at least 30 days prior to the discovery deadline.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The Plaintiffs will take depositions of designated experts by the discovery deadline.

H.    List expert depositions the opposing party anticipates taking their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendants will take depositions of designated experts by the discovery deadline.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties are not in disagreement.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    There has been none.

13. State the date the planned discovery can reasonably be completed.

    December 31, 2002.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The Plaintiffs will make a settlement demand within thirty (30) days of receipt of Defendants' answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production. The parties will consider mediation.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The Plaintiffs will make a settlement demand within thirty (30) days of receipt of Defendants' answers and responses to Plaintiff's First Set of Interrogatories and Requests for Production.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Mediation, following initial discovery, will be considered.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are not agreeable to proceeding before the magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    A jury was timely demanded.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties estimate a trial taking 24 to 32 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Attorney Ernesta Taylor has pending her unopposed motion to appear pro hac vice.

21. List other motions pending.

    There are none, although Defendant anticipates filing a dispositive motion for summary judgment seeking dismissal with prejudice of all Plaintiffs' claims in this case.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    There are none presently known to the parties.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing original and any amendments.

    These were filed by the parties.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Plaintiffs are represented by:

    Ms. Earnesta Taylor
    State Bar No. 24028031
    Law Office of Earnesta Taylor
    1607 Woods St.
    Mission, Texas 78572
    Telephone: (956) 584-7983
    Telefax: (956) 584-1667

    Ms. Sally M. Connet
    State Bar No. 00785781
    The Law Office of Sally M. Connet
    4102 N. 23rd Street
    McAllen, Texas 78504
    Telephone: (956) 631-9675
    Telefax: (956) 631-0911

    Defendants are represented by:

    Raymond A. Cowley
    State Bar No. 04932400
    Federal I.D. No. 8642
    Rodriguez, Colvin & Chaney LLP
    4900 North Tenth Street, Bldg. A2
    McAllen, Texas 78504
    Telephone: (956) 686-1287
    Telefax: (956) 686-6197

James M. Craig
Florida Bar No. 642096
(Admitted Pro Hac Vice)
Ford & Harrison, L.L.P.
101 E. Kenney Boulevard, St. 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7808
Telefax: (813) 261-7899

Respectfully submitted,

Ms. Earnesta Taylor
State Bar No. 24028031
1607 Woods St.
Mission, Texas 78572
Telephone: (956) 584-7983
Telefax: (956) 584-1667

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

**THE OFFICE OF EARNESTA TAYLOR**

Ms. Sally M. Connet
State Bar No. 00785781
4102 N. 23rd Street
McAllen, Texas 78504
Telephone: (956) 631-9675
Telefax: (956) 631-0911

CO-COUNSEL FOR PLAINTIFF

OF COUNSEL:

**THE LAW OFFICE OF SALLY M. CONNET**

*[signature]* with permission
*[signature]*

James M. Craig
Florida Bar No. 642096
(Admitted Pro Hac Vice)
101 E. Kenney Boulevard, St. 900
Tampa, Florida 33602-5133
Telephone: (813) 261-7808
Telefax: (813) 261-7899

OF COUNSEL:

**FORD & HARRISON, L.L.P.**

*[signature]*

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642
4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY L.L.P.**

ATTORNEYS FOR DEFENDANTS DANKA
OFFICE IMAGING, INC. AND BRENT
LONGCOR

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the ___1___ day of April_____, 2002.

Earnesta Taylor
1607 Woods Street
Mission, Texas 78572

Sally M. Connet
The Law Office of Sally M. Connet
4102 N. 23rd Street
McAllen, Texas 78504

_____
Raymond A. Cowley