UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 2 2002

Michael N. Milby
Clerk of Court

JUAN ZAMORA,
HERALIO HERNANDEZ,

Plaintiffs

vs.

DANKA OFFICE IMAGING, INC. AND
BRENT LONGCOR, INDIVIDUALLY AND
AS AGENT OF DANKA OFFICE IMAGING,
INC.,

Defendant.

Case No.: B-01-193

**DEFENDANT DANKA OFFICE IMAGING, INC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Danka Office Imaging, Inc. ("Danka") hereby serves its answer and defenses to the First Amended Complaint ("Amended Complaint") of Plaintiffs Juan Zamora ("Zamora") and Heralio Hernandez ("Hernandez;" collectively as "Plaintiffs").

**I. FIRST DEFENSE**

The Amended Complaint should be dismissed as it fails to state a claim upon which relief may be granted.

**II. SECOND DEFENSE**

All claims in the Amended Complaint which were not the subject of a timely charge of discrimination with either the federal Equal Employment Opportunity Commission ("EEOC") or the Texas Commission on Human Rights ("TCHR") or claims which are not otherwise timely under the limitations period specified in Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e - 2000e-17, the Texas Commission on Human Rights Act

("TCHRA") as amended, Tex. Lab. Code Ann. §§ 21.001, *et. seq.* (Vernon 1996 & Supp. 2001), Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2002), or any other applicable Texas state law limitations period are barred.

### III. THIRD DEFENSE

Danka responds to be individually-numbered allegations in the Amended Complaint as follows:

1.　With regard to Paragraph No. 1 of the Amended Complaint, Danka acknowledges that Plaintiffs are seeking damages and relief as alleged, but Danka denies it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

2.　With regard to Paragraph No. 2 of the Amended Complaint, Danka acknowledges that Plaintiffs are seeking damages and relief as alleged, but Danka denies it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

3.　With regard to Paragraph No. 3 of the Amended Complaint, Danka admits only that Zamora is a resident of Texas; but Danka is without knowledge or information sufficient to admit Zamora's current address; and Danka denies the remainder of the allegations thereof.

4.　With regard to Paragraph No. 4 of the Amended Complaint, Danka admits only that Hernandez is a resident of Texas; but Danka is without knowledge or information sufficient to admit Hernandez's current address; and Danka denies the remainder of the allegations thereof.

5. With regard to Paragraph No. 5 of the Amended Complaint, Danka admits only that its principal place of business is in St. Petersburg, Florida, that Danka is registered to do business in the state of Texas; and Danka denies the remainder of the allegations thereof.

6. With regard to Paragraph No. 6 of the Amended Complaint, Danka admits only that Danka is an employer as defined under Title VII; Danka is without knowledge or information sufficient to admit what constitutes "[a]ffect[ing] commerce"; and Danka denies the remainder of the allegations thereof.

7. With regard to Paragraph No. 7 of the Amended Complaint, Danka admits only that Defendant Brent Longcor ("Longcor") is a resident of Houston, Texas; Danka is without knowledge or information sufficient to admit what constitutes "[a]ll times relevant to this cause of action;" and Danka denies the remainder of the allegations thereof

8. Danka denies Paragraph No. 8 of the Amended Complaint.

9. With regard to Paragraph No. 9 of the Amended Complaint, Danka admits only that Longcor was an employee of Danka and one of Plaintiffs' supervisors from on or about August 14, 2000 until on or about June 15, 2001; Danka is without knowledge or information sufficient to admit what constitutes "[a]t all times material hereto;" and Danka denies the remainder of the allegations thereof.

10. With regard to Paragraph No. 10 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; Danka admits only that it conducted business in Harlingen, Cameron County, Texas; and Danka denies the remainder of the allegations thereof.

11. With regard to Paragraph No. 11 of the Amended Complaint,; Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

12. With regard to Paragraph No. 12 of the Amended Complaint, Danka admits only that Longcor is currently employed in Houston, Texas and was employed by Danka at its Harlingen, Texas branch from on or about August 14, 2000 until on or about June 15, 2001; Danka is without knowledge or information sufficient to admit what constitutes "all times relevant to the cause(s) of action herein stated" or Longcor's current residence; and Danka denies the remainder of the allegations thereof.

13. With regard to Paragraph No. 13 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

14. With regard to Paragraph No. 14 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

15. With regard to Paragraph No. 15 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka

denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

16.     With regard to Paragraph No. 16 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

17.     With regard to Paragraph No. 17 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

18.     With regard to Paragraph No. 18 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

19.     With regard to Paragraph No. 19 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

20. With regard to Paragraph No. 20 of the Amended Complaint, Danka acknowledges that Plaintiffs are attempting to claim jurisdiction and venue as alleged, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination, retaliation or other unlawful conduct; and Danka denies the remainder of the allegations thereof.

21. With regard to Paragraph No. 21 of the Amended Complaint, Danka admits only that it received a copy of Zamora's EEOC. Charge of Discrimination No. 360 A1 1282, dated July 8, 2001, EEOC Form 161, "Dismissal and Notice of the Rights/Notice of Suit Rights" regarding said charge, dated June 5 2001, and a letter from the TCHR regarding "Notice of Right to File a Civil Action" regarding said charge, dated July 23, 2001, and that such documents speak for themselves; and Danka denies the remainder of the allegations thereof.

22. With regard to Paragraph No. 22 of the Amended Complaint, Danka admits only that it received a copy of Hernandez's EEOC Charge of Discrimination No. 360 A1 1574, dated August 28, 2001, EEOC "Notice of Right to Sue (Issued on Request)" regarding said charge, dated February 15, 2002, which is attached to the Amended Complaint as Exhibit A, and that such documents speak for themselves; and Danka denies the remainder of the allegations thereof

23. With regard to Paragraph No. 23 of the Amended Complaint, Danka admits only that Exhibit A to the Amended Complaint is dated February 15, 2002, that such document speaks for itself, and that today's date is less than 90 days from February 15, 2002; and Danka denies the remainder of the allegations thereof.

24. With regard to Paragraph No. 24 of the Amended Complaint, Danka admits only that it employed Zamora and Hernandez as sales representatives in its Harlingen, Texas branch; and Danka denies the remainder of the allegations thereof.

25. With regard to Paragraph No. 25 of the Amended Complaint, Danka admits only that at all times during its employment of Zamora, Danka published and enforced a policy prohibiting unlawful sexual or national origin-based harassment and prohibiting reprisals against those bringing complaints thereunder and which provided an available procedure for Danka employees to bring forth complaints of alleged harassment and such complaints would be subject to prompt remedial action reasonably calculated to end such harassment, that on or about March 16, 2001, Zamora brought a complaint of alleged harassment by Longcor, that Danka conducted a thorough investigation of such compliant and was able to substantiate only a part of the same consisting of isolated remarks regarding Plaintiffs' national origin, that Danka took prompt remedial action reasonably calculated to end the alleged harassing conduct, including the termination of Longcor's employment as a Danka manager; further, absent Zamora's reports of specific alleged acts, Danka is without knowledge or information sufficient to admit the allegations regarding whether such conduct occurred; and Danka denies the remainder of the allegations thereof.

26. With regard to Paragraph No. 26 of the Amended Complaint, Danka admits only that at all times during its employment of Zamora, Danka published and enforced a policy prohibiting unlawful sexual or national origin-based harassment and prohibiting reprisals against those bringing complaints thereunder and which provided an available procedure for Danka employees to bring forth complaints of alleged harassment and such complaints would be subject to prompt remedial action reasonably calculated to end such harassment, that on or about March 16, 2001, Zamora brought a complaint of alleged harassment by Longcor, that Danka conducted a thorough investigation of such complaint and was able only to substantiate a part of the same consisting of isolated remarks regarding Plaintiffs' national origin, that Danka took

prompt remedial action reasonably calculated to end the alleged harassing conduct, including the termination of Longcor's employment as a Danka manager, that Zamora's separation of employment with Danka in June 2001 was solely the result of the closing of Danka's Harlingen branch due to economic conditions; further, absent Zamora's reports of specific alleged acts, Danka is without knowledge of information sufficient to admit the allegations regarding whether such conduct occurred; and Danka denies the remainder of allegations thereof.

27.  With regard to Paragraph No. 27 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 24 through 26 of the Amended Complaint; and Danka denies the remainder of the allegations thereof.

28.  With regard to Paragraph No. 28 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 24 through 27 of the Amended Complaint; Danka further admits only that Plaintiffs self-identified as Mexican American and that the TCHRA prohibits discrimination on the basis of national origin ; and Danka denies the remainder of the allegations thereof.

29.  Danka denies Paragraph No. 29 of the Amended Complaint.

30.  Danka denies Paragraph No. 30 of the Amended Complaint.

31.  Danka denies Paragraph No. 31 of the Amended Complaint.

32.  With regard to Paragraph No. 32 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 24 through 31 of the Amended Complaint; Danka further acknowledges that Plaintiffs are claiming relief under the TCHRA, but Danka denies that it violated the TCHRA or any other Texas statute or engaged in any unlawful retaliation or any other unlawful conduct; and Danka denies the remainder of the allegations thereof.

33. With regard to Paragraph No. 33 of the Amended Complaint, Danka admits only that on or about March 16, 2001, Plaintiffs brought a complaint of alleged harassment by Longcor, that Danka conducted a thorough investigation of such complaint and was able only to substantiate a part of the same, that Danka took prompt remedial action reasonably calculated to end the alleged harassing conduct, including the termination of Longcor's employment as a Danka manager, and that Plaintiffs' separation of employment with Danka in June 2001 was solely the result of the closing of Danka's Harlingen branch due to economic conditions; and Danka denies the remainder of the allegations thereof.

34. With regard to Paragraph No. 34 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 9 through 33 of the Amended Complaint; Danka acknowledges that Plaintiffs are claiming relief under the TCHRA, but Danka denies that it violated the TCHRA or any other Texas statute or engaged in any unlawful discriminatory or any other unlawful conduct; and Danka denies the remainder of the allegations thereof.

35. Danka denies Paragraph No. 35 of the Amended Complaint.

36. Danka denies Paragraph No. 36 of the Amended Complaint.

37. With regard to Paragraph No. 37 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 9 through 33 of the Amended Complaint; Danka acknowledges that Plaintiffs are claiming relief under the TCHRA or Title VII, but Danka denies that it violated the TCHRA, Title VII or any other Texas or federal statute or engaged in any unlawful discrimination or any other unlawful conduct; and Danka denies the remainder of the allegations thereof.

38. With regard to Paragraph No. 38 of the Amended Complaint, Danka admits only that the TCHRA and Title VII prohibit sexual harassment and that Danka is an employer as defined by the TCHRA and Title VII; and Danka denies the remainder of the allegations thereof.

39. With regard to Paragraph No. 39 of the Amended Complaint, Danka admits only that upon information and belief, Longcor is homosexual; and Danka denies the remainder of the allegations thereof. such is a request for jury trial and requires no response.

40. Danka denies Paragraph No. 40 of the Amended Complaint

41. Danka denies Paragraph No. 41 of the Amended Complaint

42. With regard to Paragraph No. 42 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 24 through 41 of the Amended Complaint; and Danka denies the remainder of the allegations thereof

43. With regard to Paragraph No. 43 of the Amended Complaint, Danka restates its responses to Paragraph Nos. 24 through 42 of the Amended Complaint; and Danka denies the remainder of the allegations thereof

44. With regard to Paragraph No. 44 of the Amended Complaint, Danka denies any factual allegations therein; and Danka denies the remainder of the allegations thereof.

45. With regard to Paragraph No. 45 of the Amended Complaint, such is a request for jury trial and requires no response.

46. With regard to Paragraph No. 46 of the Amended Complaint, Danka responds that any proposed amendments to the Amended Complaint may only be made upon proper motion to the Court pursuant to Fed. R. Civ. P. 15; and Danka denies the remainder of the allegations thereof.

47. With regard to Paragraph No. 47 of the Amended Complaint, Danka denies any factual allegations therein; and Danka denies the remainder of the allegations thereof.

48. With regard to the Prayer for relief contained on page 11 of the Amended Complaint, Danka denies any factual allegations therein; and Danka denies the remainder of the allegations thereof.

49. Danka denies any factual allegations in the Amended Complaint not specifically admitted herein.

## IV. FOURTH DEFENSE

Danka has published and disseminated policy prohibiting harassment, including sexual and national origin-based harassment, in its workplace and a ready and available procedure for bringing forth complaints of alleged harassment and providing for prompt remedial action in the event of founded complaints, investigating them and prohibiting retaliation against individuals who brought complaints, and to the extent Plaintiffs unreasonably failed to avail themselves of this policy, their claims, including their claims for punitive damages, are barred.

## V. FIFTH DEFENSE

To the extent that any alleged physical touching of Plaintiffs by Longcor was consensual, the same was privileged and Plaintiffs' claims for assault and battery are barred.

## VI. SIXTH DEFENSE

There is no cause of action for "intentional interference with performance of job duties" under Texas law.

## VII. SEVENTH DEFENSE

Plaintiffs have the duty to mitigate alleged losses, including but not limited to, exercising reasonable diligence in seeking substantially equivalent employment to that which they had while employed by Danka, and their entitlement to recovery of such alleged losses is expressly

denied; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, regardless of form, including but not limited to unemployment compensations benefits, received by Plaintiffs or which were earnable or receivable with the exercise of reasonable diligence by Plaintiffs.

## VIII. EIGHTH DEFENSE

Danka states that there were legitimate, nondiscriminatory and non-retaliatory reasons for its actions which were not pretextual and that Danka has not willfully or intentionally violated Title VII, the TCHRA, nor any other Texas or federal statute, and Danka has neither taken nor ratified any action with regard to Plaintiffs with discriminatory or retaliatory purpose or intent, but rather has acted in good faith, has not authorized any action prohibited by law and has not committed any unlawful employment practice; and its actions were justified and were the result of reasonable factors and bona fide occupational business requirements necessary to the performance of business functions that would have been taken regardless of any alleged discrimination or retaliation.

## IX. NINTH DEFENSE

Danka states that the Plaintiffs cannot in any event recover damages in excess of those set forth in Texas Labor Code §21.258.5(d).

## X. TENTH DEFENSE

Danka states that the business location where the Plaintiffs were employed was permanently closed for legitimate and non-discriminatory reasons, and that such business closure serves as a new and independent cause, or an intervening and superceding cause, and the Plaintiffs therefore cannot in any event recover for lost wages and other benefits and compensation beyond the date on which their employments otherwise would have terminated

due to the office closing.

## XI. ELEVENTH DEFENSE

Danka states that the Plaintiffs' recovery for exemplary damages cannot in any event exceed the maximum amounts set forth in Chapter 41 of the Texas Civil Practices & Remedies Code.

WHEREFORE, Danka respectfully prays that the Amended Complaint be dismissed with prejudice and judgment be entered against Plaintiffs in favor of Danka, and that Danka further be awarded its reasonable attorneys fees and costs associated with the defense of this case.

Respectfully submitted,

James M. Craig *with permission*
Admitted Pro Hac Vice
Florida Bar No. 642096
FORD & HARRISON LLP
101 E. Kennedy Boulevard, Suite 900
Tampa, FL 33602-5133

Raymond A. Cowley
Texas Bar No. 04932400
RODRIGUEZ, COLVIN & CHANEY, LLP
4900 A-2 N. 10th Street
McAllen, TX 78504
Fed. I.D. 8642
Attorneys for Defendant Danka

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **DEFENDANT DANKA OFFICE IMAGING, INC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** has been served by U.S. First Class Mail upon:

Ms. Ernesta Taylor
Attorney-At-Law
1607 Woods Street
Mission, TX 78572

Ms. Sally M. Connet
The Law Office of Sally M. Connet
4102 N. 23rd Street
McAllen, TX 78504

this 22 day of April, 2002.

_____
Attorney

JMC/ajn

TAMPA:153485.1