United States District Court
Southern District of Texas
FILED

JUN 0 3 2002

Michael N. Milby
Clerk of Court

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUAN ZAMORA AND § <br> HERALIO HERNANDEZ § <br> § <br> PLAINTIFFS § <br> § <br> V. § <br> § CAUSE NO. B-01-193 <br> DANKA OFFICE IMAGING, INC. § <br> AND BRENT LONGCOR, § <br> SUPERVISOR, INDIVIDUALY § <br> AND IN HIS OFFICIAL CAPACITY § JURY TRIAL DEMANDED <br> AND AS AGENT OF § <br> DANKA OFFICE IMAGING, INC., § <br> § <br> DEFENDANTS. § | |

PLAINTIFFS' RESPONSE TO
DEFENDANT BRENT LONGCOR'S
MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** Juan Zamora ["ZAMORA"] and Heralio Hernandez ("HERNANDEZ"), Plaintiffs, by and through their attorneys, Earnesta Taylor, Esq. and Sally M. Connet, Esq. and hereby files this Plaintiffs' ResponseTo Defendant Brent Longcor's Motion To Dismiss.

**I
Introduction**

1.    Plaintiffs brought suit against Defendants Danka and Longcor for violations of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et. Seq., Texas Commission of

Human Rights Act as well as tort claims for assault and battery and wrongful interference with employment. On or about May 8, 2002 Defendant Longcor filed its motion to dismiss under Fed. R. C. P. 12(b)(6). Plaintiffs file this response asking the court to deny defendant's motion.

## II
## Facts In Support Of The Case

2. Plaintiffs Juan Zamora (hereafter "Zamora") and Heralio Hernandez ("Hernandez") instituted this action against Danka Office Imaging, Inc. (hereafter "Danka") and Brent Longcor (hereafter "Longcor", collectively as "Defendants"), on September 21, 2001. Zamora and Hernandez are Mexican-Americans and were employees of Danka. Their immediate supervisor was Brent Longcor, a Caucasian male. Danka operated its business out of Harlingen, Texas and it is at this office that Zamora and Hernandez reported to work daily. Plaintiffs' job duties were to sell or lease office equipment to businesses in the area assigned to him. During the time that Zamora and Hernandez worked for Danka, they both maintained good performance records and carried out their job duties with dedication, loyalty and hard work. Plaintiffs encountered two problems concerning the company and its management - the first is that they, as well as all other Mexican American workers employed by Danka, were continuously denied access to the more lucrative sales areas in the region and assigned to perform sales in areas with fewer sales potential. In fact, Danka continuously sent Caucasian employees from its offices in Corpus Christi or Houston to work in the area of the region where the largest potential accounts and customers operated. The employees brought in by Danka were not more qualified than Plaintiffs. Plaintiffs' second problem was the constant attacks by Longcor, often times in front of others.

3. Beginning August 1999 Plaintiffs were the subject of racially verbal and physical abuse by Longcor. Longcor continuously referred to Zamora in a derogatory and racist manner calling Zamora such things as, "greedy Mexican", "salt-and-pepper hair" and "diarrhea of the mouth", "nacho" and "burrito head". Longcor impliedly referred to Plaintiffs as being "a lazy Mexican" because, Longcor said, "you all Mexicans always have siestas in the afternoon". The tone and implication from Longcor was that all Mexicans are lazy, Zamora and Hernandez are Mexican-Americans and therefore they are lazy. Longcor would make remarks depicting explicit sex acts and would ask Plaintiffs if "[they] liked it". At times Defendant Longcor would grab and touch Plaintiffs crotch and buttocks. Longcor's actions were familiar to many other employees. Danka deceptively told Plaintiffs that they had terminated Longor.

4. Instead of disciplining Longcor and taking corrective action, Danka, on June 15, 2001 terminated all Mexican-American employees including Plaintiffs and placed Longcor in its Houston office.

### III
### Response To Defendant's Argument

5. The sole issue before this court is whether Plaintiffs First Amended Complaint states a claim upon which relief can be granted against Longcor. The answer is yes. Plaintiffs will focus Defendant Longcor's liability in their response.

6. Defendant's motion to dismiss agues that Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et. Seq., Texas Commission of Human Rights Act should be dismissed because employees cannot be sued in their individual capacities and cites *Indest v. Freeman Decorating, Inc.* 164 F.3d 258 (5th Cir. 1999) and *DeMoranville v.*

*Specialty Retailers*, 909 S. W.2d 490 (Tex. 1996) in support of his assertions. In response, Plaintiffs assert that they have provided sufficient facts in their First Amended Complaint to give notice to Longcor of the allegations against him. Rule 8(a) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim showing that Plaintiffs are entitled to relief. Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist. *See General Star Indemnity, Co. v. Vesta Fire Ins., Corp.*, 173 F.3d 946, 950. (5th Cir. 1999), *cf. Danner v. State*, 649 S.W.2d 679 (Tex.App. 6 Dist. 1983). Plaintiffs are not required to prove the facts of their case in order to succeed on their claim. Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et. Seq., Texas Commission of Human Rights Act sufficiently state claims against Danka.

7.   When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to Plaintiffs. *Doe v. Hissboro ISD*, 81 F.3d 1395, 1401 (5th Cir. 1996). This court must evaluate all of the factual allegations in the pleadings in the light most favorable to Plaintiffs in order to determine whether there is a <u>possibility</u> that Plaintiffs have set forth a valid cause of action against Longcor. *Green v. Amerada Hess Corp.*, 707 F.2d201, 204 (5th Cir. 1983), *Rehearing Denied by* 714 F.2d 137 and *Certiorari Denied by* 464 U.S. 1039. All contested issues of substantive fact must be resolved in favor of Plaintiffs. *Id.* Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grand defendant's motion. *Hishon v. King Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232

(1984); *Conley v. Gibson,* 355 U.S. 41, 45,-56, 78 S.Ct. 99, 102 (2957). If the factual allegations in plaintiffs' Complaint support any legal theory that entitles Plaintiffs to some relief, the court should overrule defendant's motion.

8. In this case Plaintiffs alleged a cause of action for "assault and battery" in Count V of Plaintiffs First Amended Complaint which imputes liability to Longcor. The elements of assault and battery requires - intentionally, or knowingly causing physical contact with another when the person knows or should reasonably know that the other will regard the contact as offensive or provocative. See *Wal-Mart Store, Inc. v. Odem,* 929 S.W.2d 513, 522 (Tex.App.—San Antonio 1996, writ denied). TEX.PEN.CODE ANN. Sec. 22.01(a)(3) (Vernon 1994). Physical contact is not necessary for offensive contact to occur. *Petta v. Rivera,* 985 S.W.2d 199, 207 (Tex.App.—Corpus Christi 1998, no pet.) (citing *Fisher v. Carrousel Motor Hotel Inc.,* 424 S.W.2d 627 (Tex.1967). An assault on a third person is not within the scope of a servant's authority. *Texas&Pac. Ry. Co v. Hagenloh,* 151 Tex. 191, 247 S.W.2d 236 (1952).

9. Accordingly, Longcor is directly liable for touching and grabbing at Plaintiffs crotch and buttocks in an offensive and provocative manner as alleged in Plaintiffs' First Amended Complaint. Longcor's intent to cause physical contact is evident because his actions occurred in conjunction with his verbal remarks depicting explicit sex acts and asking Plaintiffs if "[they] liked it". Plaintiffs have presented facts to support a claim against Longcor and his motion must be denied. Plaintiffs have sufficiently alleged facts necessary to prove each element of their cause of action.

10. Longcor, as Plaintiffs' Supervisor, had a fiduciary duty to Plaintiffs. Longcor breached that fiduciary duty when he wrongfully interfered with Plaintiffs' ability to

perform their job duties. As alleged in Plaintiffs First Amended Complaint, Longcor would distract Plaintiffs by his constant sexual comments and referring to Plaintiffs as "lazy Mexicans", preventing them from focusing on their job. His actions were severe and pervasive because Plaintiffs were harassed everyday and at every company meeting. As Plaintiffs supervisor, Longcor had a duty to act in good faith permitting Plaintiffs to perform their job without constant badgering.

## IV
## CONCLUSION

Because Plaintiffs factual allegations support a claim upon which the court may grant relief, the court should deny Defendant's motion and retain the case on the court's docket.

Respectfully submitted,

**Earnesta Taylor, Esq.**
Counsel for Plaintiffs
Admitted Pro Hac Vice
1607 Woods Street
Mission TX  78572
Voice: 956-583-6754
Fax: 956-584-1667

**Sally M. Connet, Esq.**
Co-counsel for Plaintiffs
Federal License No. 13878
*Law Office of Sally M. Connet, Inc.*
4102 North 23rd. Street
McAllen TX  78504
Fax 956-631-0911
Phone 956-631-9675

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of May, 2002 I caused a true and correct copy of the foregoing Plaintiffs' ResponseTo Defendant Brent Longcor's Motion To Dismiss to be served upon Defendants U.S. Mail to:

*Raymond Cowley, Esq.*
4900 N. 10th Street
Building A-2
McAllen TX  78505
Facsimile 956-686-6197

*James Craig, Esq.*
101 E. Kenny Blvd.
Suite 900
Tampa FL  33602
Facsimile 813-261-7899

*Micaela Alvarez, Esq.*
612 W. Nolana, Suite 370
P.O. Box 720547
McAllen  TX  78504