

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 2 4 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUAN ZAMORA AND<br>HERALIO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>DANKA OFFICE IMAGING, INC.<br>AND BRENT LONGCOR,<br>SUPERVISOR, INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY<br>AND AS AGENT OF<br>DANKA OFFICE IMAGING, INC.,<br><br>Defendants. | §§§§§§§§§§§§§§§ | CIVIL ACTION NO. B-01-193 |

## ORDER

BE IT REMEMBERED that on January 22, 2003, the Court **GRANTED** Defendant Brent Longcor's Motion to Dismiss [Dkt. No. 17]. Additionally, the Court **DENIED** Plaintiffs' Motion for Enlargement of Time to respond to Defendant Brent Longcor's Motion to Dismiss [Dkt. No. 18].

Factual and Procedural Background

Plaintiffs allege Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq. and the Texas Commission on Human Rights Act ("TCHRA"). Tex. Lab. Code Ann. § 21.001 et. seq. (Vernon's 1996 & Supp. 2003). In addition, Plaintiffs bring state tort claims for assault and battery and intentional interference with the performance of job duties. See Pl's First Amended Complaint [Dkt. No. 7]. Plaintiffs, who are Mexican-American, argue Defendants, Danka office Imaging, Inc. ("Danka") and their supervisor Brent Longcor, discriminated against them based on their race and sex. Plaintiffs worked for Danka as sales agents, selling and leasing office equipment to businesses in the sales area assigned to them. Plaintiffs allege Longcor referred to them in a racist manner and made remarks and gestures that were sexually explicit and

amounted to sexual harassment. These actions, Plaintiffs assert, created a hostile work environment in violation of the TCHRA. After complaining of Longcor's actions, Plaintiffs allege Danka terminated them in retaliation for opposing Danka's discriminatory practices. Additionally, they allege Defendants deprived them of employment opportunities based on their race.

Rule 12(b)(6) Standard

A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242, 247(5th Cir. 1997), quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). See also Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

Title VII clam against Longcor in his official and individual capacity

Plaintiffs sue both their former employer, Danka, and their immediate supervisor, Brent Longcor, in his official capacity as an agent of Danka and in his individual capacity. The Fifth Circuit has held that Title VII does not impose individual liability for claims of racial and sexual discrimination. See Smith v. Amedisys, Inc., 298 F.3d 434, 448-49 (5th Cir. 2002); Indest v. Freeman Decoration, Inc., 164 F.3d 258, 262 (5th Cir. 1999). Further, the Court has noted that any reference to "agent" under Title VII in the definition of "employer" is interpreted as having imposed liability on the employer for claims under a theory of *respondeat superior*. See Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir.

2

1994); Indest, 164 F.3d at 262. See also 42 U.S.C. § 2000e(b). Any suit against Longcor in his official capacity, is interpreted as a suit against the corporation, and Plaintiffs may not maintain suit against both the corporation as the employer and its agent. See id. See also Sims v. Jefferson Downs Racing Assoc., Inc., 778 F.2d 1068, 1081 (5th Cir. 1985). Defendant's Motion to Dismiss Plaintiffs' Title VII claim against Longcor in his official and individual capacity is therefore **GRANTED**, and this claim is **DISMISSED**.

Texas Commission on Human Rights Act claim against Longcor in his official and individual capacity

The case law interpreting Title VII applies to claims brought pursuant to the Texas Commission on Human Rights Act because the purpose of the Act is to "provide for the execution of the policies of Title VII." Tex. Lab. Code Ann. § 21.001(1) (Vernon's 1996). As a result, like Title VII claims, the Act provides only for a cause of action against the employer and not an employee in his official or individual capacity. See City of Austin v. Gifford, 824 S.W.2d 735, 742 (Tex. App. –Austin 1992, no writ). See also Humphreys v. Medical Towers, Ltd., 893 F. Supp. 672, 691 (S.D. Tex. 1995). Defendant's Motion to Dismiss Plaintiffs' claims under the Texas Commission on Human Rights Act against Longcor in his official and individual capacity is therefore **GRANTED**, and these claims are **DISMISSED**.

Intentional Interference with Performance of Job Duties

Plaintiffs assert a cause of action against Defendants because they "intentionally and deliberately, through their conduct prevented plaintiffs from performing their job duties and denying them access to sales territories to carry out their jobs." Pls' First Amended Complaint, at ¶ 43 [Dkt. No. 7]. Plaintiffs have alleged no additional facts to support this claim. Rather, they rely on Longcor's alleged conduct that occurred within the scope of his employment. Without additional facts this claim amounts to simply a restatement of Plaintiffs' employment discrimination claim. As applied to Longcor, the Court has already determined Plaintiffs' claims under the Texas Commission on Human Rights Act are precluded. "'The TCHRA provides the exclusive state-law means for redress of

employment discrimination and preempts claims for discrimination brought under other state-law theories.'" Martin v. Kroger Co., 65 F. Supp. 2d 516, 562 (S.D. Tex. 1999) (citing Cook v. Fidelity Invs., 908 F. Supp. 438, 442 (N.D. Tex. 1995) (other citations omitted)).

Plaintiffs allege tortious interference with the performance of their employment duties. "Texas law recognizes that a party to a contract has a cause of action for tortuous [sic] interference against a third party, (meaning a stranger of the contract) who wrongfully interferes with the contract." See Martin, 65 .F. Supp.2d at 561 (citations omitted). See also Holloway v. Skinner, 898 S.W.2d 793, 796 (Tex. 1995). Generally, the elements of tortious interference with a contract are (1) the existence of a contract; (2) a willful or intentional act of interference; (3) an act that proximately caused the plaintiff's damages; and (4) actual damage or loss. See Holloway, 898 S.W.2d at 796. Longcor is both an agent of the corporation and the alleged tortfeasor who interfered with Plaintiffs' employment. As a result, Plaintiffs must allege the "interference was performed in furtherance of the defendant's personal interest, so as to preserve the rule that a party cannot tortiously interfere with his own contract." Martin, 65 F. Supp.2d at 565 (citing Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998); ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430, 432 (Tex. 1997); Holloway, 898 S.W.2d at 798). Ultimately, "[t]he plaintiff must prove that the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense." Powell Indus., Inc., 985 S.W.2d at 457. In the present case, Plaintiffs have failed to even allege that Longcor, as the agent of Danka, was acting on his own personal interests contrary to the corporation's interests. Rather, they rely on the alleged facts underpinning their discrimination claim. The Court finds this is inadequate to state a claim for tortious interference. Defendant's Motion to Dismiss Plaintiffs' claims for tortious interference against Longcor in his official and individual capacity is therefore **GRANTED**, and these claims are **DISMISSED**.

Plaintiffs' Motion to Extend Time to respond to Defendant's Motion to Dismiss

Federal Rule of Civil Procedure 6(b) permits the Court to extend the time allowed to submit response motions if in its discretion the movant has shown cause. Plaintiffs have not demonstrated good cause to extend the response time to Defendant's Motion to

dismiss, stating only that they "need[ed] more time to research and brief the issues adequately." Pls' Motion for Enlargement of Time [Dkt. No. 18]. The Court notes, however, that Plaintiffs' Response to the Defendant's Motion to Dismiss [Dkt. No. 19] did not present any persuasive arguments that would have altered the Court's disposal of the Motion to Dismiss. Accordingly, Plaintiffs' Motion for Enlargement of Time is **DENIED**.

DONE in Brownsville, this 22nd day of January, 2003.

_____
Hilda G. Tagle
United States District Court