*31*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN ZAMORA and | § | |
| HERALIO HERNANDEZ | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.  B-01-193 |
| | § | JURY DEMANDED |
| DANKA OFFICE IMAGING, INC. | § | |
| and BRENT LONGCOR, | § | |
| SUPERVISOR, INDIVIDUALLY | § | |
| and IN HIS OFFICIAL CAPACITY | § | |
| and AS AGENT OF | § | |
| DANKA OFFICE IMAGING, INC. | § | |
| | § | |
| Defendants | § | |

## DEFENDANT BRENT LONGCOR'S
## MOTION TO COMPEL AND FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BRENT LONGCOR, a Defendant in the above-entitled and numbered action, and files this his Motion to Compel and For Sanctions, and for such motion would respectfully show unto the Court the following:

### I.

### BRIEF BACKGROUND

1.     **On or about September 21, 2001,** Plaintiff Juan Zamora filed his Original Action against Danka Office Imaging, Inc. and Brent Longcor, Individually and as Agent of Danka Office Imaging, Inc.

2.     **On or about November 2, 2001,** Defendants filed their original answer.

3.    **On or about September 18, 2002,** this Defendant propounded Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Juan Zamora; Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Heralio Hernandez; and Defendant Brent Longcor's First Set of Requests for Production to Plaintiffs.  These discovery requests were served in accordance with the Federal Rules of Civil Procedure.

4.    **On or about September 25, 2002,** the deposition of Plaintiff Heralio Hernandez was commenced but not concluded due to time constraints.

5.    **On or about October 17, 2002,** counsel for Plaintiffs requested an extension of time to serve their responses to this Defendant's Request for Production.  No extension was requested or granted for Plaintiffs' answers to Defendant Brent Longcor's First Set of Interrogatories to Plaintiffs.

6.    **On or about October 30, 2002,** Plaintiffs served  their Responses to Defendant Brent Longcor's First Set of Requests for Production to Plaintiffs.  This Defendant did not receive Plaintiffs' Answers to Defendant Brent Longcor's First Set of Interrogatories.

7.    **On or about November 7, 2002,** this Defendant's counsel wrote two separate letters to Plaintiffs' counsel informing said counsel that she had several concerns regarding certain Plaintiffs' responses to this Defendant's discovery requests, and that this Defendant had not received Plaintiffs' answers to this Defendant's First Set of Interrogatories to Plaintiff Juan Zamora and to Plaintiff Heralio Hernandez.  In addition, this Defendant was requesting that Plaintiff Juan Zamora produce an audio tape that said Plaintiff had previously referenced in his deposition that he had.  A true and correct copy of such correspondence is attached hereto as Exhibits "A" and "B" and incorporated herein by reference the same as if set forth at length.  Plaintiffs' attorney did not respond.

8.    **On or about November 21, 2002,** this Defendant's counsel again wrote to Plaintiffs' counsel and informed her of her concerns regarding Plaintiffs' responses to this Defendant's discovery requests and that this Defendant still had not received Plaintiffs' answers to this Defendant's First Set of Interrogatories. Additionally, this Defendant again requested the audio tape that Plaintiff Juan Zamora said in his deposition that he had. A true and correct copy of such correspondence is attached hereto as Exhibit "C" and incorporated herein by reference the same as if set forth at length.

9.    **On or about December 3, 2002,** Plaintiffs' attorney responded to this Defendant's attorney via correspondence, advising that Plaintiffs would submit a response to this Defendant's inquiries regarding the production of document requests, responses to interrogatories, and the tape referred to in Plaintiff Zamora's deposition by December 13, 2002. A true and correct copy of such correspondence is attached hereto as Exhibit "D" and incorporated herein by referenced the same as if set forth at length.

10.    **On or about December 4, 2002,** this Defendant's counsel wrote to Plaintiffs' counsel and advised said counsel that this Defendant would agree to postpone taking any action to compel Plaintiffs' answers to this Defendant's interrogatories and the production of the audio tape discussed during Plaintiff Zamora's deposition only until December 13, 2002. A true and correct copy of such correspondence is attached hereto as Exhibit "E" and incorporated herein by reference the same as if set forth at length.

11.    **On or about December 5, 2002,** Plaintiffs' counsel wrote to this Defendant's counsel, advising that Plaintiff Zamora's audio tape was available for copying and that the Plaintiffs had not responded to their attorney's request to submit answers to this Defendant's First Set of Interrogatories. A true and correct copy of such correspondence

is attached hereto as Exhibit "F" and incorporated herein by reference the same as if set forth at length.

12.    **On or about December 6, 2002,** this Honorable Court signed the Order granting the Motions to Withdraw filed by Plaintiffs' counsel Ernesta Taylor and Sally M. Connet.

13.    **On or about December 11, 2002,** this Defendant served Defendant Brent Longcor's Notice of Intent to Take the Oral Deposition of Plaintiff Heralio Hernandez. The deposition was noticed for December 30, 2002. A true and correct copy of such correspondence is attached hereto as Exhibit "G" and incorporated herein by reference the same as if set forth at length.

14.    **On or about December 20, 2002,** this Defendant's counsel wrote directly to Plaintiffs Juan Zamora and Heralio Hernandez, requesting that Plaintiffs answer this Defendant's First Set of Interrogatories and advising them that if this Defendant did not receive their answers to said interrogatories by December 30, 2002, this Defendant would file a motion to compel. A true and correct copy of such correspondence is attached hereto as Exhibit "H" and incorporated herein by reference the same as if set forth at length.

15.    **On or about December 27, 2002,** this Defendant's counsel received a handwritten letter from Plaintiffs Juan Zamora and Heralio Hernandez. Plaintiffs advised that the interrogatories from this Defendant were never given to them. A true and correct copy of such correspondence is attached hereto as Exhibit "I" and incorporated herein by reference the same as if set forth at length.

16.    **On or about December 27, 2002,** this Defendant's counsel wrote to Plaintiffs Juan Zamora and Heralio Hernandez, enclosing a copy of the certified mail return receipt which

indicated that Plaintiffs' counsel, Ernesta Taylor, had indeed received Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Juan Zamora and to Plaintiff Heralio Hernandez on September 20, 2002. This Defendant's counsel again requested that the Plaintiffs answer and deliver to her office their answers to said interrogatories no later than December 31, 2002, or a motion to compel would be filed. A true and correct copy of such correspondence is attached hereto as Exhibit "J" and incorporated herein by reference the same as if set forth at length.

17.    **On or about December 30, 2002**, Plaintiff Heralio Hernandez failed to appear for the continuation of his deposition. A true and correct copy of the Certificate of Non-Appearance is attached hereto as Exhibit "K" and incorporated herein by reference the same as if set forth at length.

**To date**, Plaintiffs have failed to provide this Defendant with their answers to this Defendant's First Set of Interrogatories, supplementation to this Defendant's requests for production, production of the audio tape in Plaintiff Juan Zamora's possession, and Plaintiff Heralio Hernandez has failed to appear for the continuation of his deposition.

II.

## APPLICABLE STATUTE AND RULES

Rule 37(a) and (d) of the Federal Rules of Civil Procedure provides, in pertinent part that:

(a)    **Motion for Order Compelling Disclosure or Discovery.** A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:

(2)    Motion.

(B)     If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the effort to secure the information or material without court action.

(3)     Evasive or Incomplete Disclosure, Answer, or Response.  For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

(4)     Expenses and Sanctions.

(A)     If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

(d)     **Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Response to Request for Inspection.**  If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the

interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action.  In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

## III.

## FAILURE TO COMPLY WITH DISCOVERY REQUESTS

After numerous requests by this Defendant, Plaintiffs have failed to answer the interrogatories contained within Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Juan Zamora and Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Heralio Hernandez.  In addition, Plaintiffs have failed comply with the discovery requests contained within Defendant Brent Longcor's First Set of Requests for Production to Plaintiffs.  Furthermore, Plaintiffs have failed to comply with this Defendant's request for an inspection of an audio tape referred to in Plaintiff Juan Zamora's deposition that said Plaintiff stated he had in his possession.  The audio tape is a recorded conversation between Plaintiff Zamora and Defendant Danka.

Plaintiffs' answers to Defendant Longcor's First Set of Interrogatories were due two months before this Honorable Court granted Plaintiffs' counsel's motion to withdraw.

This Defendant respectfully requests that Plaintiffs be sanctioned as authorized by Rule 37 of the Federal Rules of Civil Procedure and ordered to provide full and complete

answers and responses to Defendant's discovery within five (5) days of the hearing on this motion.

## IV.

## <u>FAILURE TO APPEAR FOR DEPOSITION</u>

In addition to his failure to respond to this Defendant's discovery requests, Plaintiff Heralio Hernandez has failed to appear for his deposition after it was properly noticed. No alternative date was provided by Mr. Hernandez. This Defendant respectfully requests that Plaintiff Heralio Hernandez be ordered to appear for his deposition on a date and time convenient to Defendants' counsels' schedule.

## V.

## <u>ATTORNEY'S FEES</u>

Rule 37(a)(4)(A) provides that, if the motion is granted, the court **shall** require the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees. This Defendant respectfully requests that the Court grant him reasonable expenses incurred as a result of Plaintiffs' failure to comply with the Federal Rules of Civil Procedure.

## VI.

## <u>CONCLUSION</u>

Plaintiffs have failed to comply with the Federal Rules of Civil Procedure. This Defendant has an absolute right to the information requested. Accordingly, Defendant Longcor requests that Plaintiffs be sanctioned in accordance with Rule 37, and ordered to comply with this Defendant's discovery requests within five (5) days and that Plaintiff Heralio Hernandez be ordered to appear for his deposition on a date convenient to

Defendants' counsels' schedule. This Defendant further requests that the Plaintiffs be ordered to pay this Defendant his reasonable attorney's fees, within the same time period, and that this Defendant have all relief requested hereinabove.

WHEREFORE, PREMISES CONSIDERED, Defendant BRENT LONGCOR requests that a hearing be set, and that upon conclusion of the hearing, the Court enter an order sanctioning Plaintiffs and ordering Plaintiffs to provide this Defendant with answers and supplemental responses to such discovery requests, compelling Plaintiff Heralio Hernandez to appear for his deposition, and ordering Plaintiffs to pay this Defendant's costs, as requested hereinabove, and grant this Defendant such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully submitted,

Micaela Alvarez
ATTORNEY IN CHARGE FOR DEFENDANT
Brent Longcor
Federal I.D. No. 12204
State Bar I.D. No. 01127900
P. O. Box 720547
McAllen, Texas 78504
Telephone:    (956) 631-2891
Telecopier:    (956) 631-2415

OF COUNSEL:

HOLE & ALVAREZ, L.L.P.
Water Tower Centre
612 W. Nolana, Suite 370
P. O. Box 720547
McAllen, Texas 78504
Telephone:    (956) 631-2891
Telecopier:    (956) 631-2415

## CERTIFICATE OF CONFERENCE

Counsel for this Defendant certifies that she made numerous attempts to confer with Plaintiffs without court action, as evidenced by Exhibits "A" - "K".

_____
Micaela Alvarez

## CERTIFICATE OF SERVICE

I, Micaela Alvarez, do certify that a true and correct copy of the foregoing was served on the following counsel of record on this the **20th** day of **January 2003**:

*Plaintiffs*
Juan Zamora
716 S. 23rd Street
Donna, Texas 78537
**CMRRR #7000 0520 0020 7364 2253**
**AND U.S. MAIL - FIRST CLASS**

Heralio Hernandez
1113 S. Tower Road
Alamo, Texas 78516
**CMRRR #7000 0520 0020 7364 2260**
**AND U.S. MAIL - FIRST CLASS**

*Attorneys for Defendant Danka Office Imaging, Inc.*
James M. Craig
Ford & Harrison, L.L.P.
101 E. Kenney Boulevard, Ste. 900
Tampa, Florida 33602-5133
**U.S. MAIL - FIRST CLASS**

Raymond Cowley
Rodriguez, Colvin & Chaney, L.L.P.
4900 North 10th, Bldg. A-2
McAllen, Texas 78504
**U.S. MAIL - FIRST CLASS**

OPV:ZAM-DANKPLD

_____
Micaela Alvarez

# HOLE & ALVAREZ L.L.P.

### A T T O R N E Y S   A T   L A W

WATER TOWER CENTRE
612 W. NOLANA • SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law • Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

November 7, 2002

Earnesta Taylor
The Office of Earnesta Taylor
1607 Woods St.
Mission, Texas 78572

> *RE:*   Civil Action No. B-01-193
> *Juan Zamora and Heralio Hernandez v. Danka Office Imaging,*
> *Inc. and Brent Longcor, Individually and as Agent of Danka*
> *Office Imaging, Inc.*

Dear Ms. Taylor:

I am in receipt of and have reviewed Plaintiffs' Responses to Defendant's First Set of Requests for Production to Plaintiffs. In response to Request for Production No. 21, you indicate that Plaintiffs have produced all documents which are in their possession. However, as you will recall, during the deposition of Mr. Zamora, he testified that he had made a tape recording of his conversation with Danka following Mr. Longcor's termination. That tape has not yet been produced. Accordingly, I would request that you provide that to us by return mail.

Additionally, you have made an objection in response to Request for Production No. 25. However, since the requests for production were served on September 18, 2002, and your responses were not served until October 30, 2002, this objection has been waived. Accordingly, I would request that you supplement your response to Request for Production No. 25.

While I realize that you have filed a Motion to Withdraw in this matter, I would nonetheless appreciate a response as indicated above either from yourself or from Plaintiffs' other counsel, Ms. Sally Connet.

Thank you for your attention to this matter.

Very truly yours,

HOLE & ALVAREZ, L.L.P.

By:   Micaela Alvarez

MA:bcc




FILE COPY

Earnesta Taylor
November 7, 2002
Page 2

xc:     *Attorneys for Plaintiffs*
        Sally M. Connet
        The Law Office of Sally M. Connet
        4102 N. 23rd Street
        McAllen, Texas 78504

        *Attorneys for Defendant Danka Office Imaging, Inc.*
        James M. Craig
        Ford & Harrison, L.L.P.
        101 E. Kenney Boulevard, Ste. 900
        Tampa, Florida 33602-5133

        Raymond Cowley
        Rodriguez, Colvin & Chaney, L.L.P.
        4900 North 10th, Bldg. A-2
        McAllen, Texas 78504

# HOLE & ALVAREZ L.L.P.

### A T T O R N E Y S   A T   L A W

WATER TOWER CENTRE
612 W. NOLANA · SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law · Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

November 7, 2002

Earnesta Taylor
The Office of Earnesta Taylor
1607 Woods St.
Mission, Texas 78572

> *RE:*    Civil Action No. B-01-193
> *Juan Zamora and Heralio Hernandez v. Danka Office Imaging,*
> *Inc. and Brent Longcor, Individually and as Agent of Danka*
> *Office Imaging, Inc.*

Dear Ms. Taylor:

On or about September 18, 2002, the following discovery was propounded on your clients in connection with the above referenced and numbered cause:

1.    Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Juan Zamora; and

2.    Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Heralio Hernandez.

According to my calender, your clients' answers to said discovery were due on or before October 21, 2002. In reviewing my file, we have not received your clients' answers to said discovery. At your earliest convenience, please provide me with your clients' answers within the next ten (10) days. Please give this matter your immediate attention.

I look forward to hearing from you in the near future.

Very truly yours,

HOLE & ALVAREZ, L.L.P.

By: Micaela Alvarez

MA:bcc





Earnesta Taylor
November 7, 2002
Page 2


xc:     *Attorneys for Plaintiffs*
        Sally M. Connet
        The Law Office of Sally M. Connet
        4102 N. 23rd Street
        McAllen, Texas 78504

        *Attorneys for Defendant Danka Office Imaging, Inc.*
        James M. Craig
        Ford & Harrison, L.L.P.
        101 E. Kenney Boulevard, Ste. 900
        Tampa, Florida 33602-5133

        Raymond Cowley
        Rodriguez, Colvin & Chaney, L.L.P.
        4900 North 10th, Bldg. A-2
        McAllen, Texas 78504

# HOLE & ALVAREZ L.L.P.

### A T T O R N E Y S   A T   L A W

WATER TOWER CENTRE
612 W. NOLANA · SUITE 370
P.O BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

November 21, 2002

RONALD G. HOLE
*Board Certified*
*Personal Injury Law · Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

Earnesta Taylor
The Office of Earnesta Taylor
1607 Woods St.
Mission, Texas 78572

> RE:    Civil Action No. B-01-193
> *Juan Zamora and Heralio Hernandez v. Danka Office Imaging,*
> *Inc. and Brent Longcor, Individually and as Agent of Danka*
> *Office Imaging, Inc.*

Dear Ms. Taylor:

On November 7, 2002, I wrote to you regarding your clients' answers and responses to Defendant Brent Longcor's First Set of Interrogatories which were propounded on your clients on or about September 18, 2002.

According to my calender, your clients' answers to said discovery were due on or before October 21, 2002. In reviewing my file, we have not received your clients' answers and responses to said discovery. At your earliest convenience, please provide me with your clients' answers within the next ten (5) days. Please give this matter your immediate attention.

Additionally, your client Juan Zamora has failed to produce the audio tape referenced in his deposition. Please provide that tape within the next five (5) days. Finally, I have not yet received a supplemental response to Request for Production No. 25. Please supplement that request within the next five (5) days as well.

I look forward to hearing from you in the near future.

Very truly yours,

HOLE & ALVAREZ, L.L.P.

By: Micaela Alvarez

MA:bcc




FILE COPY

Earnesta Taylor
November 21, 2002
Page 2


xc:     *Attorneys for Plaintiffs*
        Sally M. Connet
        The Law Office of Sally M. Connet
        4102 N. 23rd Street
        McAllen, Texas 78504

        *Attorneys for Defendant Danka Office Imaging, Inc.*
        James M. Craig
        Ford & Harrison, L.L.P.
        101 E. Kenney Boulevard, Ste. 900
        Tampa, Florida 33602-5133

        Raymond Cowley
        Rodriguez, Colvin & Chaney, L.L.P.
        4900 North 10th, Bldg. A-2
        McAllen, Texas 78504

# EARNESTA LEONCE TAYLOR
## ATTORNEY-AT-LAW

4102 N. 23rd Street
McAllen, Texas  78504
Telephone:       (956)631-9675
Fax/Voicemail:  (956)631-0911

*Licensed in Texas and the*
*United States Virgin Islands*

December 3, 2002

*Micaela Alvarez, Esq.*            ***VIA FAX ONLY***
612 W. Nolana, Suite 370
P.O. Box 720547
McAllen  TX  78504

Re:     Representation of Plaintiffs in *Zamora et.al. v. Danka et.al.*

Dear Ms. Alvarez:

Based on our conversation today, I understand that you agree to give me time to contact Mr. Zamora and Mr. Hernandez so that I can respond to your previous inquiries regarding production of document requests, responses to interrogatories and the tape referred to in Mr. Zamora's deposition.  As you know, I have filed a motion to withdraw from this matter however the court has not made a determination on my request.   I will submit a response to your office by Friday, December 13, 2002 on the above mentioned matters.

Thank you for your cooperation in this matter.

Sincerely,

Earnesta Taylor Esq.

Fax Copy:       Sally M. Connet
                Raymond Cowley
                James Craig



# EARNESTA LEONCE TAYLOR
# ATTORNEY-AT-LAW

4102 N. 23rd Street
McAllen, Texas  78504
Telephone:       (956)631-9675
Fax/Voicemail:  (956)631-0911

*Licensed in Texas and the*
*United States Virgin Islands*

# TELECOPY COVER SHEET

If there is a problem with transmission or if all pages are not received, please call 956-583-6754 for re-transmission.

**TO: Micaela Alvarez**                    **FAX #: 631-2415**

COMPANY:

FROM: Earnesta Taylor                     DATE: December 3, 2002

RE:

Number of pages including this cover page: 2

**This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is *PRIVILEGED, CONFIDENTIAL* and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.**

Comments:

# HOLE & ALVAREZ L.L.P.

### A T T O R N E Y S    A T    L A W

WATER TOWER CENTRE
612 W. NOLANA · SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law · Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

December 4, 2002

**FAX NO. (956) 631-0911**
**U.S. MAIL-FIRST CLASS**

Sally M. Connet
The Law Office of Sally M. Connet
4102 N. 23rd Street
McAllen, Texas 78504

**FAX NO. (956) 584-1667**
**U.S. MAIL-FIRST CLASS**

Ernesta Taylor
The Office of Earnesta Taylor
1607 Woods St.
Mission, Texas 78572

*RE:*    Civil Action No. B-01-193
*Juan Zamora and Heralio Hernandez v. Danka Office Imaging,*
*Inc. and Brent Longcor, Individually and as Agent of Danka*
*Office Imaging, Inc.*

Dear Counsel:

This letter is written in follow-up to my conversation of December 3, 2002 with Ernesta Taylor. Pursuant to our conversation, I have agreed to briefly postpone taking any action to compel Plaintiffs' answers to my client's first set of interrogatories. I have also agreed to briefly postpone taking any action to compel the production of the audio tape discussed during Mr. Zamora's deposition. However, because of the December 31, 2002 discovery deadline, as well as the upcoming Christmas Holidays, I can only agree to postpone taking action until December 13, 2002. Thereafter, I will have no choice but to proceed with whatever action I believe necessary to compel the production of such discovery responses.

Additionally, because of the upcoming discovery deadline, it is imperative that I obtain dates for the deposition of Plaintiff Heralio Hernandez. Accordingly, within the next few days, please provide me with dates for Mr. Hernandez' deposition prior to December 31, 2002.

Finally, based upon correspondence from James M. Craig to both of you, it appears that Ms. Connet has separately filed a motion to withdraw as counsel of record. Although I was consulted regarding my position on the motion to withdraw, I was not provided with



Sally M. Connet
Ernesta Taylor
December 4, 2002
Page 2


a copy of the motion once it was filed.  I would appreciate receiving a copy of that motion by return mail.

Thank you for your prompt attention to these matters.  Should you have any questions, please feel free to contact me.

Very truly yours,

HOLE & ALVAREZ, L.L.P.


By: Micaela Alvarez

MA:bcc

xc:    *Attorneys for Defendant Danka Office Imaging, Inc.*
       James M. Craig
       Ford & Harrison, L.L.P.
       101 E. Kenney Boulevard, Ste. 900
       Tampa, Florida 33602-5133



# C O V E R

# FAX

# S H E E T

**To:**     Ms. Sally Connet     Fax No.   (956) 631-0911
          Ms. Ernesta Taylor    Fax No.   (956) 584-1667

**Subject:**   *Zamora v. Danka*
**Date:**      December 4, 2002
**Pages:**     3, including this cover sheet.

**Message:**

**Important:**

This message is intended only for the use of the
individual or entity to which it is addressed and
may contain information that is privileged,
confidential and exempt from disclosure under
applicable law. If the reader of this message is
not the intended recipient, or the employee or
agent responsible for delivering this message to
the intended recipient, you are hereby notified
that any dissemination, distribution or copying of
this communication is strictly prohibited. If you
receive this communication in error, please notify
us immediately by telephone, and return the
original message to us at the above address via
the United States Postal Service. Thank you.

From the desk of...

**Micaela ALvarez**
Attorney
HOLE & ALVAREZ, L.L.P.
WATER TOWER CENTRE
612 W. Nolana, Suite 370
McAllen, Texas 78504

(956) 631-2891
Fax: (956) 631-2415

# oadcast Report

| | |
|---|---|
| Date/Time | 12- 4-02; 4:32PM |
| Local ID | 956 6312415 |
| Local Name | Hole & Alvarez, LLP |
| Company Logo | Hole & Alvarez, L.L.P. |

# Document Size Letter-S

## COVER SHEET

# FAX

**To:** Ms. Sally Connel          Fax No  (956) 631-0911
Ms. Emesta Taylor       Fax No  (956) 584-1667

**Subject:** Zamora v. Danka
**Date:** December 4, 2002
**Pages:** 3, including this cover sheet.

**Message:**

**Important:**

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the United States Postal Service. Thank you.

From the desk of...

Micaela Alvarez
Attorney
HOLE & ALVAREZ, L.L.P
WATER TOWER CENTRE
612 W, Nolana, Suite 370
McAllen, Texas 78504

(956) 631-3824
Fax (956) 631-2415

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|-----|-----|----------------|------------|----------|-------|------|----------|---------|
| 1 | 270 | 6310911 | 12- 4-02; 4:28PM | 2'08" | 3/ 3 | EC | BC | CP 9600 |
| 2 | 270 | 5841667 | 4:31PM | 1'04" | 3/ 3 | EC | BC | CP 14400 |

```
** Notes **
EC: Error Correct        RE: Resend              PD: Polled by Remote      MB: Receive to Mailbox
BC: Broadcast Send       MP: Multi-Poll          PG: Polling a Remote      PI: Power Interruption
CP: Completed            RM: Receive to Memory   DR: Document Removed      TM: Terminated by user
LS: Local Scan           LP: Local Print         FO: Forced Output         WT: Waiting Transfer
```

ZAm-DAM

# EARNESTA LEONCE TAYLOR
## ATTORNEY-AT-LAW

4102 N. 23rd Street                    *Licensed in Texas and the*
McAllen, Texas 78504                   *United States Virgin Islands*
Telephone:      (956)631-9675
Fax/Voicemail:  (956)631-0911

December 5, 2002

Micaela Alvarez, Esq.              *VIA US AIR MAIL & FAX*
612 W. Nolana, Suite 370
P.O. Box 720547
McAllen  TX  78504

James Craig, Esq.
Ford & Harrison LLP
101 East Kennedy Boulevard
Suite 900
Tampa FL  33602-5133

Re:    Deposition of Hernandez and Production of Documents

Dear Counselors:

Your concerns regarding the upcoming discovery deadline and the pending Motions to Withdraw are of course being considered. The motions to withdraw are still pending and there has not been a substitution of counsel, we are thus prepared to set dates to continue Mr. Hernandez' deposition. The tape requested is available for copying and is at the Law Offices of Sally M. Connet. Arrangements should be made with Ms. Connet's office to make copies. Regarding outstanding discovery (interrogatories), our clients have not responded to our requests to submit answers. I will be in touch on or before December 13, 2002 as agreed.

Thank you for your cooperation in this matter.

Sincerely,

Earnesta Taylor, Esq.

copy:        Sally M. Connet





RECEIVE
DEC - 6 2002
HOLE & ALVAREZ, L.L.P.

# EARNESTA LEONCE TAYLOR
## ATTORNEY-AT-LAW

4102 N. 23rd Street
McAllen, Texas  78504
Telephone:      (956)631-9675
Fax/Voicemail:  (956)631-0911

*Licensed in Texas and the*
*United States Virgin Islands*

# TELECOPY COVER SHEET

If there is a problem with transmission or if all pages are not received, please call 956-583-6754 for re-transmission.

**TO: Micaela Alvarez**                        **FAX #: 631-2415**

**COMPANY:**

**FROM: Earnesta Taylor**                      **DATE: December 5, 2002**

**RE:**

Number of pages including this cover page: 2

**This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is *PRIVILEGED, CONFIDENTIAL* and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original to us by mail without making a copy. Thank you.**

Comments:

# HOLE & ALVAREZ L.L.P.

### A T T O R N E Y S   A T   L A W

WATER TOWER CENTRE
612 W. NOLANA · SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law · Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

December 11, 2002

**CMRRR #7000 0520 0020 7364 1911
& U.S. MAIL-FIRST CLASS**

Mr. Heralio Hernandez
1113 S. Tower Road
Alamo, Texas 78516

> *RE:*   Civil Action No. B-01-193
> *Juan Zamora and Heralio Hernandez v. Danka Office Imaging, Inc. and Brent Longcor, Individually and as Agent of Danka Office Imaging, Inc.*

Dear Mr. Hernandez:

Enclosed herewith please find Defendant Brent Longcor's Notice of Intent to Take the Oral Deposition of Plaintiff Heralio Hernandez. As you will note from that notice, I have scheduled the deposition for **Monday, December 30, 2002 at 9:00 a.m.** in our offices. If that date and/or time are not convenient to you, I will attempt to reschedule the deposition to a date and time more convenient to you. However, if such is the case, please contact me immediately upon receipt of this notice so that we may work out an alternative date prior to December 31, 2002.

Unless we agree otherwise, I will expect your appearance in accordance with the enclosed notice. Thank you for your attention to this matter.

Very truly yours,

HOLE & ALVAREZ, L.L.P.

By: Micaela Alvarez

MA:bcc
Enclosure





Mr. Heralio Hernandez
December 11, 2002
Page 2


xc:　　*Plaintiff*
　　　　Juan Zamora
　　　　716 S. 23rd Street
　　　　Donna, Texas 78537
　　　　**U.S. MAIL-FIRST CLASS**

　　　　*Attorneys for Defendant Danka Office Imaging, Inc.*
　　　　James M. Craig
　　　　Ford & Harrison, L.L.P.
　　　　101 E. Kenney Boulevard, Ste. 900
　　　　Tampa, Florida 33602-5133
　　　　**U.S. MAIL-FIRST CLASS**

　　　　Raymond Cowley
　　　　Rodriguez, Colvin & Chaney, L.L.P.
　　　　4900 North 10th, Bldg. A-2
　　　　McAllen, Texas 78504
　　　　**U.S. MAIL-FIRST CLASS**

# HOLE & ALVAREZ L.L.P.

## A T T O R N E Y S   A T   L A W

WATER TOWER CENTRE
612 W. NOLANA · SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law · Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

December 20, 2002

**CMRRR #7000 0520 0020 7364 2116**
**& U.S. MAIL-FIRST CLASS**

Mr. Juan Zamora
716 S. 23rd Street
Donna, Texas 78537

**CMRRR #7000 0520 0020 7364 2123**
**& U.S. MAIL-FIRST CLASS**

Mr. Heralio Hernandez
1113 S. Tower Road
Alamo, Texas 78516

RE:   Civil Action No. B-01-193
*Juan Zamora and Heralio Hernandez v. Danka Office Imaging,*
*Inc. and Brent Longcor, Individually and as Agent of Danka*
*Office Imaging, Inc.*

Dear Gentlemen:

As you know, the Court has allowed your counsel to withdraw in connection with the above referenced and numbered cause. Prior to your counsels' withdrawal, I had served upon you, through your counsel, the following:

1.   Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Juan Zamora; and
2.   Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Heralio Hernandez.

Such discovery should have been answered no later than October 22, 2002. However, to date, such discovery has not been answered. Accordingly, I am hereby requesting that this discovery be answered and delivered to my office no later than December 30, 2002. If I do not receive such discovery responses by that date, I will have no choice but to file a motion to compel with the Court. Thank you for your prompt attention to this matter.

Very truly yours,

HOLE & ALVAREZ, L.L.P.

By: Micaela Alvarez

MA:bcc





Mr. Juan Zamora
Mr. Heralio Hernandez
December 20, 2002
Page 2


xc:   *Attorneys for Defendant Danka Office Imaging, Inc.*
      James M. Craig
      Ford & Harrison, L.L.P.
      101 E. Kenney Boulevard, Ste. 900
      Tampa, Florida 33602-5133
      **U.S. MAIL-FIRST CLASS**

      Raymond Cowley
      Rodriguez, Colvin & Chaney, L.L.P.
      4900 North 10th, Bldg. A-2
      McAllen, Texas 78504
      **U.S. MAIL-FIRST CLASS**

To whom it may concern,

Please be advise that due to our counsel withdrawal and lack of representation. We will not be able to attend on Monday Dec. 30, 2002. We will be seeking representation before the deadline which is Jan. 13, 2003. Please be advise that interrogatories from Hole's Alvarez were never given to us.

Juan Zamora and
Heralio Hernandez
vs
Danka Office Imaging inc.
and Brent Longear

Civil Action #
B-01-193

EXHIBIT
"I"
HOLE & ALVAREZ, L.L.P.

RECEIVED
DEC 27 2002
HOLE & ALVAREZ, L.L.P.



# HOLE & ALVAREZ L.L.P.

### A T T O R N E Y S     A T     L A W

WATER TOWER CENTRE
612 W. NOLANA · SUITE 370
P.O. BOX 720547
McALLEN, TEXAS 78504

TEL: (956) 631-2891
FAX: (956) 631-2415
E-MAIL: mail@HoleAlvarez.com

RONALD G. HOLE
*Board Certified*
*Personal Injury Law · Civil Trial Law*
*Texas Board of Legal Specialization*

MICAELA ALVAREZ

CHERYL D. HOLE
*Of Counsel*

December 27, 2002

Mr. Juan Zamora
716 S. 23rd Street
Donna, Texas 78537

Mr. Heralio Hernandez
1113 S. Tower Road
Alamo, Texas 78516

> *RE:*     Civil Action No. B-01-193
> *Juan Zamora and Heralio Hernandez v. Danka Office Imaging,*
> *Inc. and Brent Longcor, Individually and as Agent of Danka*
> *Office Imaging, Inc.*

Dear Gentlemen:

As you will note from the copy of the enclosed letter and the "certified mail, return receipt, requested" green card, Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Juan Zamora and Defendant Brent Longcor's First Set of Interrogatories to Plaintiff Heralio Hernandez were received by Dolores Salazar with the office of Ernesta Taylor on September 20, 2002. Such interrogatories should have been answered no later than October 22, 2002. However, to date, such interrogatories have not been answered.

Accordingly, I am hereby requesting that this discovery be answered and delivered to my office no later than December 31, 2002. If I do not receive such discovery responses by that date, I will have no choice but to file a motion to compel with the Court. Thank you for your prompt attention to this matter.

Very truly yours,

HOLE & ALVAREZ, L.L.P.

By: _Micaela Alvarez_

Micaela Alvarez

MA:bcc
Enclosures (2)





Mr. Juan Zamora
Mr. Heralio Hernandez
December 27, 2002
Page 2


xc:    *Attorneys for Defendant Danka Office Imaging, Inc.*
       James M. Craig
       Ford & Harrison, L.L.P.
       101 E. Kenney Boulevard, Ste. 900
       Tampa, Florida 33602-5133
       (w/o encls.)

       Raymond Cowley
       Rodriguez, Colvin & Chaney, L.L.P.
       4900 North 10th, Bldg. A-2
       McAllen, Texas 78504
       (w/o encls.)

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN ZAMORA and                )(
HERALIO HERNANDEZ,             )(
     Plaintiffs         )(
                        )(
VS.                            )(    CIVIL ACTION NO. B-01-193
                        )(         JURY DEMANDED
DANKA OFFICE IMAGING,          )(
INC. and BRENT LONGCOR,        )(
SUPERVISOR, INDIVIDUALLY       )(
AND IN HIS OFFICIAL            )(
CAPACITY AND AS AN AGENT       )(
OF DANKA OFFICE IMAGING,       )(
INC.,                          )(
     Defendants         )(

---

CERTIFICATION OF NON-ATTENDANCE
TO THE DEPOSITION OF HERALIO HERNANDEZ
DECEMBER 30, 2002

---

APPEARANCES

COUNSEL FOR DEFENDANT BRENT LONGCOR:

    MICAELA ALVAREZ
    HOLE & ALVAREZ, L.L.P.
    Water Tower Centre
    612 W. Nolana, Suite 370
    McAllen, Texas  78504



ORIGINAL

I, STEPHANIE GARRETT, a Certified Court Reporter in and for the State of Texas, do hereby certify that I appeared to take the oral deposition of HERALIO HERNANDEZ, in the above-named cause on DECEMBER 30, 2002, at Hole & Alvarez, L.L.P., Water Tower Centre, 612 W. Nolana, Suite 370, McAllen, Texas, that the aforementioned attorney was present, and that said witness did not appear for his deposition.

WITNESS MY HAND on this the _31st_ day of _December_ 2002.

_Stephanie Garrett_
STEPHANIE GARRETT, Texas CSR 3453
Expiration Date: 12-31-03
Bryant & Stingley, Inc.
4900 North 10th St., Suite A-3
McAllen, Texas  78504
(956) 618-2366