34

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 7 2003

Michael N. Milby
Clerk of Court

JUAN ZAMORA and §
HERALIO HERNANDEZ §
§
Plaintiffs §
§
VS. §        CIVIL ACTION NO.  B-01-193
§                JURY DEMANDED
DANKA OFFICE IMAGING, INC. §
and BRENT LONGCOR, §
SUPERVISOR, INDIVIDUALLY §
and IN HIS OFFICIAL CAPACITY §
and AS AGENT OF §
DANKA OFFICE IMAGING, INC. §
§
Defendants §

## DEFENDANT BRENT LONGCOR'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BRENT LONGCOR, a Defendant in the above-entitled and

numbered cause, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this

his Motion for Partial Summary Judgment, and for such motion would respectfully show

unto the Court the following:

I.

### Brief Background

1.      On or about April 10, 2002, Plaintiffs Juan Zamora and Heralio Hernandez

filed an amended complaint alleging causes of action for violations of Title VII of the Civil

Rights Act of 1964, 42 USC 2000e et seq. and the Texas Commission on Human Rights

Act.  Such causes of action were asserted against Plaintiffs' former employer, Danka Office

Imaging, Inc., and against Brent Longcor, both in his individual capacity, as well as in his official capacity as an agent of Defendant Danka Office Imaging, Inc.

2.      On or about May 8, 2002 Defendant Brent Longcor filed Defendant Brent Longcor's First Amended Answer and Defendant Brent Longcor's Motion to Dismiss Pursuant to Rule 12(b)(6).

3.      On or about January 22, 2003, this Court granted Defendant Brent Longcor's Motion to Dismiss.  Pursuant to such order, the Court dismissed Plaintiffs' Title VII claims, Plaintiffs' claims based upon the Texas Commission on Human Rights Act and Plaintiffs' claims for "intentional interference with performance of job duties."  Accordingly, Plaintiffs' only remaining claim against Defendant Brent Longcor is one for assault and battery.

4.      On or about February 11, 2003, the deposition of Heralio Hernandez was taken in connection with the above-referenced and numbered case.

II

**Assault and Battery Claim**

8.      "It is the law of this State that an assault is both an offense against the peace and dignity of the State, as well as an invasion of private rights." *Wal-Mart Stores, Inc.* 929 S.W.2d 513, 522 (Tex. App.-- San Antonio 1996, writ denied).  For that reason, the definition of assault, whether in a criminal or civil trial, is the same. *Id.*

9.      The Texas Penal Code, in pertinent part, defines assault as:

a.      intentionally, knowingly, or recklessly causing bodily injury to another;

b.      intentionally or knowingly threatening another with imminent bodily injury; or

c.    intentionally or knowingly causing physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Tex. Penal Code Ann. § 22.01 (Vernon 1994).

### III

### <u>Motion for Partial Summary Judgment</u>

5.    Defendant Brent Longcor seeks summary judgment against the claim of assault and battery asserted by Plaintiff Heralio Hernandez.

6.    Rule 56 of the Federal Rules of Civil Procedure provides that

A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

7.    Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *King v. Ames,* 179 F. 3d 370 (5th Cir. 1999).  Once the moving party demonstrates that there are no genuine issues of material fact, the nonmovant must come forward with summary judgment evidence sufficient to establish the existence of a genuine issue of material fact.  *Id.*

10.    During his deposition, Plaintiff Heralio Hernandez testified that Defendant Brent Longcor never touched him in any manner.  More specifically, Mr. Hernandez testified as follows:

Q. Okay.  Now, I think you said that he never did that to you.  Did he, Mr. Longcor, in any way ever touch you in [a] manner that you found to be offensive?
A.  Not to me.  No physical contact.

Q.  No physical contact of any sort - -
A.  No.

Defendant Brent Longcor's Motion for Partial Summary Judgment - Page 3 of 6

Q. - - that you ever had with Mr. Longcor that you found to be offensive?
A. Other than his - - his hostile environment - - contact with skin, no.

Deposition of Heralio Hernandez, p. 47, lines 4 - 20. True and correct copies of the

pertinent deposition excerpts are attached hereto as Exhibit A.

    11.    Plaintiff Heralio Hernandez was specifically questioned regarding Plaintiffs'

claim of assault and battery.

Q. Okay. All right. And - - and one of the complaints that you have in the
petition is entitled Assault and Battery. Okay. And let me just read you what
it says, and then I'll ask you some questions.
      . . .
It says, "On occasions Defendants intentionally and knowingly committed
acts that placed Plaintiffs in apprehension of eminent physical contact when
Defendants knew or should have reasonably believed that such contact
would be offensive to Plaintiffs.
    "The Defendants intentionally and knowingly made physical contact
with Plaintiffs when Defendants knew or should have known that such
contact would be offensive and harmful to the Plaintiffs."
    Okay. Let me, first of all, confirm you told me earlier Mr. Longcor had
never touched you - -
A. Not me.

Q. - - never laid any kind of physical hand on you, never had any physical
contact with you that you found offensive, correct?
A. Not physically with me, no.

Exhibit A, p. 105, line 14 to p. 106, line 13.

Q. But you - - you, personally, are not making any kind of claim of assault
and battery against Mr. Longcor?
A. No, no, because it didn't happen, not with me.

Exhibit A, pp. 107, lines 17 - 20.

    12.    The foregoing testimony from Plaintiff Heralio Hernandez makes it clear that

there was no physical contact between himself and Mr. Longcor. Such testimony also

establishes that Heralio Hernandez is not asserting a claim of assault and battery against

Defendant Brent Longcor. Accordingly, Defendant Brent Longcor is entitled to summary judgment as to Plaintiff Heralio Hernandez' claim of assault and battery.

WHEREFORE, PREMISES CONSIDERED, Defendant Brent Longcor prays that the Court grant judgment in his favor on Plaintiff Heralio Hernandez' cause of action for assault and battery, that Plaintiff Heralio Hernandez take nothing against him as to such cause of action, that this Defendant go hence with his costs without day, and that he be granted such other and further relief, at law or in equity, which he may be justly entitled to receive.

Respectfully submitted,

Micaela Alvarez
ATTORNEY IN CHARGE FOR DEFENDANT
Brent Longcor
Federal I.D. No. 12204
State Bar I.D. No. 01127900
P. O. Box 720547
McAllen, Texas 78504
Telephone:   (956) 631-2891
Telecopier:   (956) 631-2415

OF COUNSEL:

HOLE & ALVAREZ, L.L.P.
Water Tower Centre
612 W. Nolana, Suite 370
P. O. Box 720547
McAllen, Texas 78504
Telephone:   (956) 631-2891
Telecopier:   (956) 631-2415

## CERTIFICATE OF SERVICE

I, Micaela Alvarez, do certify that a true and correct copy of the foregoing was served on the following counsel of record on this the **17th** day of **March 2003**:

*Pro Se Plaintiffs*
Juan Zamora
716 S. 23rd Street
Donnas, Texas 78537
**CMRRR #7002 2410 0005 4200 2191**
**U.S. MAIL-FIRST CLASS**

Heralio Hernandez
1113 S. Tower Road
Alamo, Texas 78516-9473
**CMRRR #7002 2410 0005 4200 2207**
**U.S. MAIL-FIRST CLASS**

*Attorneys for Defendant Danka Office Imaging, Inc.*
James M. Craig
Ford & Harrison, L.L.P.
101 E. Kenney Boulevard, Ste. 900
Tampa, Florida 33602-5133
**U.S. MAIL-FIRST CLASS**

Micaela Alvarez

MA ZAM-DANPLD\SUMMARY JUDGMENT

Defendant Brent Longcor's Motion for Partial Summary Judgment - Page 6 of 6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN ZAMORA and            ) (
HERALIO HERNANDEZ          ) (
        Plaintiffs         ) (
                           ) (
VS.                        ) (    CIVIL ACTION NO. B-01-193
                           ) (         JURY DEMANDED
DANKA OFFICE IMAGING, INC.) (
and BRENT LONGCOR,         ) (
SUPERVISOR, INDIVIDUALLY   ) (
and IN HIS OFFICIAL        ) (
CAPACITY and AS AGENT OF   ) (
DANKA OFFICE IMAGING, INC.) (
        Defendants         ) (

---

ORAL DEPOSITION OF
HERALIO HERNANDEZ, JR.
FEBRUARY 11, 2003



---

ORAL DEPOSITION OF HERALIO HERNANDEZ, JR.,

produced as a witness at the instance of the DEFENDANT

BRENT LONGCOR, taken in the above styled and numbered

cause on FEBRUARY 11, 2003, reported by DONNA McCOWN,

Certified Court Reporter No. 6625, in and for the State

of Texas, at the offices of Hole & Alvarez, L.L.P.,

Water Tower Centre, 612 West Nolana, Suite 370,

McAllen, Texas, pursuant to the Federal Rules of Civil

Procedure.

EXHIBIT
"A"
HOLE & ALVAREZ, L.L.P.

BRYANT & STINGLEY, INC.
McAllen          Harlingen          Brownsville
(956)618-2366   (956)428-0755     (956)542-1020

```
 1            HERALIO HERNANDEZ, JR.
 2   Having been duly sworn, testified as follows:
 3                  EXAMINATION
 4   BY MS. ALVAREZ:
 5       Q.  Mr. Hernandez, would you state your full name
 6   for the record, please.
 7       A.  Heralio Hernandez, Jr.
 8       Q.  And, Mr. Hernandez, you already know that my
 9   name is Micaela Alvarez, and you know that I represent
10   Brent Longcor in this action.
11            We're in my offices today resuming your
12   deposition which we started in the fall of last year --
13       A.  October.
14       Q.  -- correct?  Okay.  At that time that we took
15   your deposition, you were represented by counsel.
16       A.  Right.
17       Q.  They have since withdrawn.  It's my
18   understanding that at this time you do not have an
19   attorney representing you in this action; is that
20   correct?
21       A.  Yes.  There's someone working on getting a
22   substitution, but he couldn't be here because he hadn't
23   gotten that, as I understand, that okay to substitute
24   yet.
25       Q.  Okay.  Let me kind of clarify that.  I spoke
```

10:07:49 1    to an attorney by the name of Miguel Salinas yesterday.

10:07:51 2        A.   Salinas, correct.

10:07:52 3        Q.   My understanding from him was that he was

10:07:52 4    trying to make the decision about whether or not he

10:07:55 5    would be representing you in this lawsuit, but he had

10:07:58 6    not made that final decision yet.

10:08:00 7        A.   Right.

10:08:00 8        Q.   Before we go further, I want to make sure that

10:08:02 9    that's your same understanding, that he hadn't yet

10:08:05 10   committed to representing you in this lawsuit.  He's

10:08:07 11   considering it.

10:08:07 12       A.   Yes, exactly.

10:08:08 13       Q.   Okay.  Because if you are represented by

10:08:10 14   counsel, I don't want to --

10:08:11 15       A.   No, no.

10:08:12 16       Q.   -- go forward with that.

10:08:13 17       A.   I wouldn't want it either.

10:08:15 18       Q.   Just so that we're clear, he's considering it,

10:08:17 19   but he hasn't yet decided whether he'll take the case

10:08:19 20   or not, right?

10:08:20 21       A.   Yes.

10:08:20 22       Q.   And he was aware of this deposition here today,

10:08:21 23   correct?

10:08:22 24       A.   Yes.

10:08:22 25       Q.   And as I indicated, I spoke to him yesterday

10:08:25  1    and let him know that because of the discovery deadline

10:08:28  2    that we had coming up on the -- I believe it's the 15th

10:08:31  3    or 14th of this month, I couldn't agree to postpone it.

10:08:34  4        A.   Yes.

10:08:35  5        Q.   And without telling me discussions you've

10:08:38  6    actually had with him, you are of the same

10:08:41  7    understanding that he hasn't yet made a decision to

10:08:43  8    represent you, and, basically, he let you know that if

10:08:46  9    you wanted to be here today of your own, that was your

10:08:49 10    decision.

10:08:50 11        A.   Right.

10:08:50 12        Q.   Okay.  Mr. Hernandez, when we started your

10:08:53 13    deposition last, you had indicated to us that at that

10:08:56 14    time you were not employed.  Is that still the

10:08:58 15    situation?

10:08:58 16        A.   Yes, ma'am.

10:09:00 17        Q.   Okay.  Since October of last year to now, have

10:09:03 18    you had any employment?

10:09:04 19        A.   No.

10:09:05 20        Q.   Okay.  Are you still continuing your job

10:09:05 21    search?

10:09:09 22        A.   I'm -- you know, yes.  It's hard, but --

10:09:12 23    especially in these months.  It's been kind of, you

10:09:15 24    know, slow.  So, yes, I've been -- every day I try and

10:09:18 25    look for something.

10:09:19 1    Q.  Okay.  And I think back in October when we had

10:09:22 2  taken your deposition, you had told us basically that

10:09:25 3  although there had been some possibilities, they were

10:09:28 4  all commission work and you preferred to find something

10:09:32 5  with a set income as opposed to commission work.  Is

10:09:34 6  that still your position?

10:09:35 7    A.  Well, depending on the product.  Like I told

10:09:37 8  them, right now gas has, you know, skyrocketed, so I'm

10:09:40 9  trying to make a wise decision not to be, you know,

10:09:43 10  spending money not making money.  Right?  So, yes, but

10:09:47 11  I'm considering that, you know, if there's a good

10:09:50 12  product, you know, I'll risk it.

10:09:52 13    Q.  So now there may be a little more flexibility

10:09:54 14  in your decision?

10:09:55 15    A.  I had some flexibility before.  Some of those

10:09:58 16  companies just kind of like -- kind of -- they're not

10:10:02 17  offering you, really, everything.  They're just, you

10:10:05 18  know, make 70,000, 80,000, a year, but yet, you know,

10:10:08 19  put all your gas in your vehicle.  So it's not very

10:10:12 20  feasible.

10:10:13 21    But I'm trying to be flexible.  I'm

10:10:15 22  considering even, like I told -- Mr. Craig even said if

10:10:20 23  I would move, right, considering moving and, you know,

10:10:23 24  I'm looking at that option, you know, maybe.

10:10:30 25    Q.  Okay.  Would it be fair to say that as far as

10:53:01 1    Q.   Okay.   And that's even after you filed the

10:53:02 2    lawsuit?

10:53:03 3    A.   Right.

10:53:04 4    Q.   Okay.   Now, I think you said that he never did

10:53:05 5    that to you.  Did he, Mr. Longcor, in any way ever

10:53:09 6    touch you in manner that you found to be offensive?

10:53:13 7    A.   Not to me.   No physical contact.

10:53:15 8    Q.   No physical contact of any sort --

10:53:16 9    A.   No.

10:53:17 10    Q.   -- that you ever had with Mr. Longcor that you

10:53:21 11    found to be offensive?

10:53:22 12    A.   Other than his -- his hostile environment --

10:53:26 13    contact with skin, no.

10:53:27 14    Q.   Okay.   And when you say the "hostile

10:53:29 15    environment," you're talking about some of the language

10:53:31 16    that you've mentioned to me earlier.  We'll address

10:53:33 17    some of that in a minute.  But right now I'm just

10:53:35 18    asking the physical contact is none whatsoever,

10:53:37 19    correct?

10:53:38 20    A.   Never.

10:53:38 21    Q.   All right.  Now, during the time that you were

10:53:42 22    there at that party, you've indicated to me that pretty

10:53:44 23    much, you know, from the beginning, it sounds like you

10:53:47 24    were uncomfortable with the whole party; is that

10:53:47 25    correct?

11:52:10  1        Q.   Okay.   And as far as, you know, any discussions
11:52:12  2    with anybody else, is that it?
11:52:16  3        A.   That's about it, yeah.
11:52:17  4        Q.   Okay.   Now, Mr. Hernandez, have you told me all
11:52:20  5    the complaints that you have or would allege in this
11:52:27  6    lawsuit against either Danka or my client, Brent
11:52:32  7    Longcor?
11:52:32  8        A.   That I recall, that's about it.
11:52:34  9        Q.   Okay.   You understand that in your petition you
11:52:36 10    have made certain allegations against both Danka and
11:52:41 11    Mr. Longcor?
11:52:41 12        A.   Right, I mean, that I know of.   I know what I
11:52:47 13    have told you, that's correct.
11:52:49 14        Q.   Okay.   All right.   And -- and one of the
11:52:53 15    complaints that you have in the petition is entitled
11:52:59 16    Assault and Battery.   Okay?   And let me just read you
11:53:03 17    what it says, and then I'll ask you some questions.
11:53:05 18                And I understand that you're not attorney
11:53:08 19    and may not know the legal language, but let me just
11:53:11 20    read to you, and then I'll ask you some questions.
11:53:11 21    Okay?
11:53:13 22        A.   Okay.
11:53:13 23        Q.   It says, "On occasions Defendants intentionally
11:53:17 24    and knowingly committed acts that placed Plaintiffs in
11:53:20 25    apprehension of eminent physical contact when

11:53:23  1   Defendants knew or should have reasonably believed that

11:53:26  2   such contact would be offensive to Plaintiffs.

11:53:29  3           "The Defendants intentionally and

11:53:32  4   knowingly made physical contact with Plaintiffs when

11:53:34  5   Defendants knew or should have known that such contact

11:53:37  6   would be offensive and harmful to the Plaintiffs."

11:53:40  7           Okay.  Let me, first of all, confirm you

11:53:43  8   told me earlier Mr. Longcor had never touched you --

11:53:45  9     A.  Not me.

11:53:46 10     Q.  -- never laid any kind of physical hand on you,

11:53:48 11   never had any physical contact with you that you found

11:53:50 12   to be offensive, correct?

11:53:51 13     A.  Not physically with me, no.

11:53:53 14     Q.  Okay.  And you've also told me that as far as

11:53:55 15   the statements that you found to be bothersome that you

11:54:02 16   felt, you know, was harassing, that you felt created a

11:54:04 17   hostile work environment, that all of those were just

11:54:07 18   statements that you believe were not proper in the

11:54:09 19   workplace, statements that you felt rather than helping

11:54:14 20   you make sales kind of stopped you from making sales,

11:54:14 21   correct?

11:54:17 22     A.  Right.

11:54:18 23     Q.  But at no point in time did Mr. Longcor take

11:54:23 24   any verbal action against you that was of a threatening

11:54:27 25   nature, correct?

BRYANT & STINGLEY, INC.
McAllen      Harlingen      Brownsville
(956)618-2366   (956)428-0755   (956)542-1020

11:54:28 1        A.   Well, he did threaten you that, you know, about

11:54:31 2    your job, right?

11:54:33 3        Q.   Right.  But not any kind of physical --

11:54:34 4        A.   Physical, no.  I mean, he never did -- I mean,

11:54:37 5    I was listening to your comment there.  I don't know

11:54:40 6    how that was -- I mean, I don't know if she -- who

11:54:43 7    wrote that.

11:54:44 8        Q.   This is a petition that was filed on your

11:54:46 9    behalf and Mr. Zamora's behalf by your attorneys.

11:54:49 10       A.   Okay.

11:54:50 11       Q.   And basically what I'm trying to find out from

11:54:51 12   you, Mr. Hernandez, this claim is not one that you are

11:54:54 13   making in this lawsuit.  You know, maybe Mr. Zamora may

11:54:57 14   be making it --

11:54:57 15       A.   And I saw that, so maybe that's what she meant

11:55:00 16   by that, that I saw that, so --

11:55:02 17       Q.   But you -- you, personally, are not making any

11:55:05 18   kind of claim of assault and battery against

11:55:05 19   Mr. Longcor?

11:55:08 20       A.   No, no, because it didn't happen, not with me.

11:55:11 21       Q.   Okay.  And no physical contact, he took no

11:55:13 22   action against you that -- that you felt was placing

11:55:18 23   you in any kind of physical danger, correct?

11:55:22 24       A.   Well, I mean, I just know that his -- his -- I

11:55:26 25   did feel threatened at that point by his behavior all

```
 1                IN THE UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                       BROWNSVILLE DIVISION

 3    JUAN ZAMORA and              ) (
      HERALIO HERNANDEZ            ) (
 4          Plaintiffs            ) (
                                   ) (
 5    VS.                          ) (   CIVIL ACTION NO. B-01-193
                                   ) (          JURY DEMANDED
 6    DANKA OFFICE IMAGING, INC.) (
      and BRENT LONGCOR,           ) (
 7    SUPERVISOR, INDIVIDUALLY    ) (
      and IN HIS OFFICIAL          ) (
 8    CAPACITY and AS AGENT OF    ) (
      DANKA OFFICE IMAGING, INC.) (
 9          Defendants            ) (

10                        REPORTER'S CERTIFICATE

11        I, Donna McCown, Certified Court Reporter, certify
      that the witness, HERALIO HERNANDEZ, was duly sworn by
12    me, and that the deposition is a true and correct
      record of the testimony given by the witness on
13    FEBRUARY 11, 2003; that the deposition was reported by
      me in stenograph and was subsequently transcribed under
14    my supervision.
          I FURTHER CERTIFY that I am not a relative,
15    employee, attorney or counsel of any of the parties,
      nor a relative or employee of such attorney or counsel,
16    nor am I financially interested in the action.
                      WITNESS MY HAND on this the 26th day of
17    February              , 2003.

18                              _____
                                DONNA McCOWN, CSR NO. 6625
19                              Expiration Date: 12/31/03
                                Bryant & Stingley, Inc.
20                              2010 East Harrison
                                Harlingen, Texas  78550
21

22

23

24

25
```

BRYANT & STINGLEY, INC.
McAllen          Harlingen          Brownsville
(956)618-2366    (956)428-0755    (956)542-1020